862 So.2d 505 (2003)
Gerard MENDONCA
v.
TIDEWATER INC.
No. 2003-CA-1015.
Court of Appeal of Louisiana, Fourth Circuit.
December 17, 2003.
Order Denying Rehearing January 15, 2004.
*507 Gerard Mendonca, West Mead, Sydney, New South Wales 2145, Australia, In Proper Person, Plaintiff/Appellant.
Walter W. Christy, Renee C. Gluth, Frilot, Partidge, Kohnke & Clements, L.C., New Orleans, LA, for Defendant/Appellee, Tidewater, Inc.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge LEON A. CANNIZZARO, JR., MOON LANDRIEU, Judge Pro Tempore).
LEON A. CANNIZZARO, Jr., Judge.
This case involves an appeal from the trial court's judgment dismissing the suit filed by the plaintiff, Gerard Mendonca, against the defendant, Tidewater Inc. The trial court dismissed Mr. Mendonca's suit on an exception of no right of action that was filed by Tidewater. Mr. Mendonca is appealing the dismissal of his suit.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Mr. Mendonca is an Indian citizen, who is currently residing in Australia. He filed this suit in Louisiana in Orleans Parish. Mr. Mendonca alleged that while he was employed in Dubai, United Arab Emirates ("U.A.E.") by Tidewater, a Delaware corporation with its corporate headquarters in New Orleans, Louisiana, he was subjected to racial discrimination in violation of the Louisiana Employment Discrimination Law, La. R.S. 23:301 et. seq. (the "Discrimination Law"). Additionally, Mr. Mendonca alleged that he was subjected to retaliation by Tidewater in violation of the Louisiana whistleblower law, La. R.S. 23:967. Finally, Mr. Mendonca asserted claims against Tidewater for breach of contract and negligence.[1]
After Tidewater was served in the instant suit, Mr. Mendonca's counsel of record moved to withdraw as counsel. Tidewater objected to the withdrawal of counsel on the grounds that Mr. Mendonca lives outside of the United States and is, therefore, unavailable for service of process and court appearances. The trial court, however, granted the motion to withdraw, and Mr. Mendonca is now representing himself.
Tidewater filed a declinatory exception of lack of subject matter jurisdiction and peremptory exceptions of no right of action and no cause of action. At the trial on the exceptions, Tidewater submitted affidavits to show that Mr. Mendonca was not employed by Tidewater but was instead employed by Al Wasl Marine Ltd. and its successor, Al Wasl Marine, L.L.C., (collectively, "Al Wasl"), U.A.E. companies. Tidewater has an indirect interest in Al Wasl, because a wholly owned subsidiary of Tidewater has a 49 percent ownership interest in Al Wasl. Tidewater submitted affidavits stating that the management of Al Wasl was not controlled by Tidewater from its New Orleans, Louisiana headquarters. Mr. Mendonca, however, submitted a countervailing affidavit of a co-employee that the decision to terminate Mr. Mendonca's employment was made in *508 New Orleans by Tidewater.[2]
The trial court granted Tidewater's exception of no right of action and found that the other exceptions became moot upon the granting of that exception. After the exception of no right of action was granted, Mr. Mendonca filed numerous motions seeking, among other things, a rehearing on the exceptions filed by Tidewater. Mr. Mendonca also filed motions seeking permission from the trial court to amend his petition. The trial court denied all of Mr. Mendonca's motions, and he then filed this appeal.

DISCUSSION
Standard of Review
The determination of whether a plaintiff has a right of action is a question of law. Therefore, this court is required to determine whether the trial court applied the law appropriately. In Glass v. Alton Ochsner Medical Foundation, XXXX-XXXX (La.App. 4 Cir. 11/6/02), 832 So.2d 403, writ denied, 2002-2977 (La.3/14/03), 839 So.2d 36, XXXX-XXXX (La.3/14/03), 839 So.2d 37, this Court stated in a discussion of the scope of appellate review of issues of law:
The standard of review of appellate courts in reviewing a question of law is simply whether the court's interpretative decision is legally correct. Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709, 712 (La.App. 4 Cir.1992). Furthermore, if the decision of the district court is based on an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983).
XXXX-XXXX, p. 3; 832 So.2d at 405. See also Sander v. Brousseau, XXXX-XXXX, p. 4 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711, where this Court stated that "[a]ppellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct."
No Right of Action
La. C.C.P. art. 923 states that "[t]he function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 927 lists the objections that may be raised through a peremptory exception, and "[n]o right of action, or no interest in the plaintiff to institute the suit" is one of the objections that is listed. La. C.C.P. art. 927(A)(5).
In Industrial Companies, Inc. v. Durbin, XXXX-XXXX (La.1/28/03), 837 So.2d 1207, the Louisiana Supreme Court discussed the peremptory exception of no right of action as follows:
Generally, an action can only be brought by a person having a real and actual interest which he asserts. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.
*509 XXXX-XXXX, pp. 11-12; 837 So.2d at 1216 (citations omitted). See also Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 1095, 262 So.2d 328, 333 (1972).
This Court has also considered the exception of no right of action. In Plaquemines Parish Government v. State of Louisiana, XXXX-XXXX, p. 4 (La.App. 4 Cir. 4/10/02), 826 So.2d 14, 18, writ denied, XXXX-XXXX (La.9/13/02), 824 So.2d 1170, this Court stated that "[t]he exception [of no right of action] is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case." (Emphasis added.) See also Simmons v. Templeton, 99-1978, pp. 5-6 (La.App. 4 Cir. 4/12/00), 762 So.2d 63, 67; Touzet v. V.S.M. Seafood Services, Inc., 96-0225, pp. 2-3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012-13.
Louisiana Employment Discrimination Law
La. R.S. 23:331(A), which prohibits discrimination based on race, color, religion, sex, and national origin, provides that the Discrimination Law applies "only to an employer who employs more than fifteen employees within this state...." La. R.S. 23:331(B) further provides that "`employer' means a ... commercial entity ... receiving services from an employee and, in return, giving compensation of any kind to an employee."
It is undisputed that Mr. Mendonca was employed in Dubai, U.A.E., not in Louisiana. Based on the affidavits presented by Tidewater, we find that Mr. Mendonca was employed directly by Al Wasl, a foreign employer that had no employees in Louisiana. Therefore, with respect to the claims under the Discrimination Law, Mr. Mendonca has no capacity to sue Al Wasl. Consequently, he has no right of action. See also Salazar v. Freeport Overseas Service Co., 2000 WL 1099391, p. 2 (E.D.La. 2000), where the federal district court cited EEOC v. Arabian American Oil Co., 499 U.S. 244, 259, 111 S.Ct. 1227, 1236, 113 L.Ed.2d 274 (1991), for the proposition that "extraterritorial effect cannot be given to state statutes unless expressly provided by the statute itself."
Louisiana's Whistleblower Statute
La. R.S. 23:967(A) provides as follows:
An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
The appropriate court for filing suit under this statute is the "district court where the violation occurred." La. R.S. 23:967(B).
Because the statute provides for filing suit in the district court where the violation of that statute occurred, we believe that it is clear that La. R.S. 23:967 applies to conduct that occurs in Louisiana and not elsewhere. Mr. Mendonca was employed by Al Wasl, and his employment with Al Wasl could be terminated only by Al Wasl, which is located in the U.A.E. Tidewater did not directly employ Mr. Mendonca and could not terminate his employment with Al Wasl. Therefore, Mr. Mendonca's termination by a foreign employer is not covered by La. R.S. 23:967. He has no standing to sue Tidewater under La. R.S. 23:967 and no right of action *510 with respect to his claims under that statute. See Salazar v. Freeport Overseas Service Company, supra, where the federal district court held that "the statute [La. R.S. 23:967] does not expressly provide for extraterritorial effect...."
Tort Claims
In his petition, Mr. Mendonca has made allegations that appear to be claims based on tortious interference with the contract of employment that he allegedly had with his employer, Al Wasl. He asserts that Tidewater made decisions at its Louisiana headquarters that directly affected his employment contract with Al Wasl and caused some type of breach of that contract.[3]
La. C.C. art. 3543 establishes the rules for determining what law applies to "[i]ssues pertaining to standards of conduct and safety" in tort actions. Among the actions that are governed by Louisiana law are "cases in which the conduct that caused the injury occurred in this state and was caused by a person who was domiciled in, or had another significant connection with, this state." Id.
In the instant case Mr. Mendonca has alleged that the management of Tidewater made decisions that directly resulted in the termination of his employment with Al Wasl. Because it did not have a majority interest in Al Wasl, Tidewater did not have legal control over Al Wasl, but Mr. Mendonca's claims raise the issue of whether Tidewater had de facto control over Al Wasl. Therefore, we believe that Mr. Mendonca has a right of action with respect to his claims that Tidewater interfered with his employment by Al Wasl. Under La. C.C. art. 3543, it is clear that a claim alleging injury from conduct that occurred in this state and that was caused by a person domiciled in or with significant connections to Louisiana is governed by Louisiana law. Mr. Mendonca, therefore, has standing to bring a claim against Tidewater based on allegations that the conduct of Tidewater's management that occurred in Louisiana caused him to suffer injury.
Contract Claims
Mr. Mendonca has alleged that Tidewater breached "specific promises of job security, equal opportunity, anti-harassment and anti-retaliation." His petition does not specify any further details relating to the breach of contract claims, but it appears that he is claiming that Tidewater was contractually bound to afford him job security and a work environment free from harassment, discrimination, and retaliation.
La. C.C art. 3515 establishes the general rules that are applicable to conflict of laws. La. C.C. art. 3537 contains the general conflict of laws rules that are applicable specifically to contract cases.
La. C.C. art. 3515 provides that "an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." The determination of which state's laws apply to a particular case is "determined by evaluating the strength and pertinence of the relevant policies of all involved states...." Id. Among the factors to be considered in making the determination are the policies of international systems and the relationship of the state to the parties and their dispute. Id. The policy of upholding the justified expectations of the parties is also a factor to consider in determining what law applies. *511 Id. For purposes of La. C.C. art. 3515, the term "state" is defined to include "any foreign country or territorial subdivision thereof that has its own system of law." La. C.C. art. 3516.
The conflict of laws rule in La. C.C. art. 3537 takes into account the Louisiana contacts of the parties and the transaction, the nature of the contract, and the policy of promoting multistate commercial intercourse. The rule in article 3537 also considers the various policies to which La. C.C. art. 3515 refers.
Applying the provisions of La. C.C. art. 3515 and La. C.C. art. 3537 to the contract claims made in the instant case, we do not believe that Louisiana law applies to them. Mr. Mendonca is not a citizen or resident of Louisiana. He is a citizen of India and a resident of Australia. There is no evidence in the record that he has ever worked or lived in Louisiana. There is also insufficient evidence in the record to support a contract claim against Tidewater. Mr. Mendonca's contractual relationship was with Al Wasl, his employer in Dubai, U.A.E, not with Tidewater. There should be no expectation on the part of Mr. Mendonca, who is neither a United States citizen nor a resident of Louisiana, that the laws of Louisiana would apply to a contract relating to his employment by a foreign company in a foreign country. Therefore, we find that the trial court properly granted Tidewater's exception of no right of action with respect to the contract claims Mr. Mendonca has asserted against Tidewater.
Post Trial Motions
Mr. Mendonca filed a number of motions after the trial on the exceptions that were raised by Tidewater[4]. To the extent that those motions relate to the discrimination, whistleblower, and contract claims, the trial court correctly denied those motions. To the extent that they relate to Mr. Mendonca's tort claims, the trial court should reconsider those motions on remand.

CONCLUSION
Based on the foregoing discussion, we find that Mr. Mendonca had no right of action in connection with his claims except with respect to the tort claim he has asserted against Tidewater. The judgment of the trial court is, therefore, affirmed with respect to the granting of the exceptions of no right of action relating to all of Mr. Mendonca's claims except the tort claim. The judgment of the trial court with respect to the tort claim is reversed, and this case is remanded to the trial court for further action in accordance with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

ON REHEARING
REHEARING DENIED.
The appellee, Tidewater, Inc., has applied for rehearing on the issue of whether the plaintiff, Gerard Mendonca, has stated a cause of action in tort based on the actions of Tidewater, Inc. in connection with the plaintiff's employment contract with Al Wasl Marine Ltd. and its successor, Al Wasl Marine, L.L.C. Tidewater argues in its application for rehearing that Mr. Mendonca did not allege and did not have a contract of employment with a term with his employer.
We find no error in our original opinion. Mr. Mendonca's petition contains allegations that he was employed pursuant to an *512 employment contract, and there are documents in the record indicating that he was party to an employment contract and that it was for a term. Mr. Mendonca is, therefore, entitled to the opportunity to try to prove the tort based claims he has made regarding the employment contract.
NOTES
[1] Prior to filing the instant suit, Mr. Mendonca filed suit against Tidewater in the United States District Court for the Eastern District of Louisiana. In the federal suit, he asserted the same claims that he has alleged in the instant case as well as various claims under federal law. The suit in federal court was dismissed with prejudice with respect to the federal law claims and without prejudice with respect to the state law claims. The federal district court's judgment dismissing the claims was affirmed on appeal by the United States Court of Appeal for the Fifth Circuit. The state law claims were re-filed in the instant suit.
[2] It is unclear when the countervailing affidavit was filed into the record, but it appears to have been filed as an attachment to a pleading filed after the trial court granted Tidewater's exception of no right of action.
[3] Although Mr. Mendonca's pleadings are a bit confusing, it appears that he has, in fact, stated claims based on tortious conduct.
[4] These motions include motions to annul the trial court's judgment, motions to take discovery, and motions to amend the petition.