Judge Terri F. Love
1 ,This appeal arises from damages sustained during the elevation of plaintiffs’ home following Hurricane Katrina. Plaintiffs filed suit contending that the elevation contractor was negligent, as well as the State of Louisiana, who administered the elevation program. Plaintiffs’ insurer, that paid proceeds under their homeowners’ insurance policy, filed a cross-claim against the defendants sued by the plaintiffs. The State of Louisiana filed an exception of no right of action, which maintained that the State was not liable for the contractor’s alleged negligence. The trial court granted the exception of no right of action, dismissing the claims against the'State with prejudice.
Plaintiffs’ insurer appealed, asserting that it was partially subrogated to plaintiffs’ rights, which permitted the appeal. The State filed a motion to dismiss contending that plaintiffs’ insurer did not have a right to appeal without plaintiffs. Plaintiffs’ insurer also avers that the State’s administration of the elevation program was sufficient to negate the exception of no right of action.
We find that plaintiffs’ insurer was partially subrogated to plaintiffs’ claims, which allowed it to exercise appellate rights, and deny the motion to dismiss appeal. Further, we find that plaintiffs’ insurer failed to show that a stipulation | ¿pour autrui existed, as any benefit derived by the plaintiffs from the contract between the State and the elevation contractor was incidental. Lastly, we find that the State did not assume a duty to the plaintiffs. Therefore, the trial court did not err by granting the State’s exception of no right of action. The judgment of the trial court is affirmed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ronald and Antoinette Johnston own a home damaged by Hurricane Katrina. As a part of the recovery process, the John-stons decided to elevate their home. The State of Louisiana, Division of Administration, Office of Community Development, Disaster Recovery Unit (hereinafter referred to as “State”) administered -the Hazard Mitigation Grant Program (“HMGP”), which provided home elevation grants to homeowners who met certain criteria. The Johnstons received an HMGP grant and selected Luis Acosta with LAA Shoring, LLC (“LAA”) to complete their elevation. LAA was paid $80,000 by the Johnstons from monies received from the HMGP.
The Johnstons then alleged that LAA damaged their home such that the home was uninhabitable. Subsequently, the Johnstons filed a claim with their homeowners’ insurance provider, Louisiana Citizens Property Insurance Corporation (“LCPIC”), for the damage. LCPIC paid the Johnstons $65,230.20[1] under the policy.
LCPIC then filed suit against LAA, Mr. Acosta, and their insurer, Hermitage Insurance Company, seeking the monies it extended. A few months later, the John- *22 stons filed a suit for damages against the State; CB & I Solutions, Inc. f/k/a Shaw Environmental & Infrastructure, Inc. (“CB & I”); LAA; Mr. Acosta; LAA’sL insurer; ACI Construction; Michael Brown; ACI’s insurer; Don Garland; Garland’s insurer; Greg Pierson; David Knight; Francis King; Minóla Butler; and LCPIC. Once the Johnstons’ petition was filed, LCPIC filed an Unopposed Motion to Transfer and Consolidate its case with the John-stons. The trial court granted the consolidation.
Around the same time as the consolidation, LCPIC filed a cross-claim against the defendants sued by the Johnstons alleging that they were liable via subrogation to LCPIC for the $65,230.20 paid to the Johnstons. The State filed an Exception of No Right of Action contending that the Johnstons’ claims and LCPIC’s cross-claims against the State should be dismissed. The State alleged that the John-stons did not have a contract or third-party beneficiary relationship with the State. The trial court sustained the State’s Exception of No Right of Action, and dismissed all claims against it with prejudice. LCPIC’s devolutive appeal followed.[2]
LCPIC contends that the trial court erred by sustaining the State’s Exception of No Right of Action because the petition asserted a valid cause of action and because the State may have assumed a duty, which would present a fact question for trial.

MOTION TO DISMISS

The State filed a Motion to Dismiss the appeal contending that LCPIC’s appeal is barred, as the Johnstons did not appeal the trial court’s ruling. The State Lavers that La. C.C.P. art. 1673[3] connotes that the trial court’s judgment as to the Johnstons is final; therefore, the appeal is barred by res judicata. • • ■
“Under Louisiana law, a subro-gated insurer acquires no greater rights than those possessed by its subrogor and is subject to all limitations applicable to the original claim of the subrogor.” Travelers Ins. Co. v. Impastato, 607 So.2d 722, 724 (La. App. 4th Cir. 1992). The Louisiana. Supreme Court found that plaintiffs may tacitly release an obligor by failing to appeal a dismissal with prejudice. Perkins v. Scaffolding Rental & Erection Serv., Inc., 568 So.2d 549, 551 (La. 1990). The insurer then has no rights against' the released obligor, as “the rights of the insurer are not superior to those of the owner.” State v. U.S. Fid. & Guar. Co., 577 So.2d 1037, 1039 (La. App. 4th Cir. 1991). “Thus neither the plaintiff nor anyone seeking to stand in the shoes of the plaintiff through subrogation can have a cause of action against the released party.” Illinois Cent. Gulf R. Co. v. Deaton, Inc., 581 So.2d 714, 716 (La. App. 4th Cir. 1991). The insurer cannot have greater rights than the insured. Perkins, 568 So.2d at 552. Therefore, the insurer is barred from pursuing the subrogation actions pursuant to the doctrine of res judicata. Perkins, 568 So.2d at 553.
Contrariwise, LCPIC maintains that its subrogation rights are only partial, such that its right to pursue an action *23 against the State remains viable. The Louisiana Supreme Court stated that “when an insurer pays his insured only part of the damages to which the insured is entitled from a tortfeasor, the insurer becomes only partially and subordinately subrogat-ed to the insured’s right, and the insured is entitled to exercise his right for the balance of the partially paid claim in preference to the insurer-subrogee.” S. Farm Bureau Cas. Ins. Co. v. Sonnier, 406 So.2d 178, 180 (La. 1981). “Moreover, in a partial subrogation the debt is divided between the subrogor and subrogee, making them either joint or several obligees, and allowing each to exercise his right without prejudice to the other.” Id.
Given that LCPIC tendered proceeds for only a portion of the Johnstons’ damages, we find that LCPIC obtained partial subrogation rights. Consequently, LCPIC and the Johnstons may each exercise their rights without prejudice to the other. Therefore, the Johnstons’ failure to appeal the trial court’s judgment does not preclude LCPIC from appealing. The motion to dismiss is denied.

NO RIGHT OF ACTION

The exception, of no right of action is peremptory in nature. La. C.C.P. art. 927. “The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision.” La. C.C.P. art. 928. “On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear .from the petition.” .La. C.C.P. art. 931. “If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.” La. C.C.P. art. 934.
“The determination of whether a plaintiff has a right of action is a question of law.” Mendonca v. Tidewater Inc., 03-1015, p. 3 (La. App. 4 Cir. 12/17/03), 862 So.2d 505, 508. “The standard of review of a trial court’s ruling on an exception of no right of action is de novo.” N. Clark, L.L.C. v. Chisesi, 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015. “Therefore, this court is required to determine whether the trial court applied the law appropriately.” Mendonca, 03-1015, p. 3, 862 So.2d at 508,
|f,“[A]n action can be brought only by a person having a real and actual interest which he asserts.” La. C.C.P. art. 681. “An exception of no right of action determines whether a plaintiff belongs to the class of persons to whom the law grants the cause Of action asserted in'the petition and whether the particular plaintiff has a real and actual interest in the subject matter of the litigation.” Alderdice v. Bd. of Sup’rs of Louisiana State Univ. & Agr. & Mech. Coll., 12-0148, p. 7 (La. App. 4 Cir. 7/25/12), 107 So.3d 7, 12. “The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit.” State in Interest of K.C.C., 15-1429, p. 5 (La. 1/27/16), 188 So.3d 144, 146. “[I]t assumes the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interést in the subject matter of the litigation.” Id. “For purposes of the exception, all well-pleaded facts in the petition must be taken as true.” K.C.C., 15-1429, p. 5, 188 So.3d at 146-47.
LCPIC contends that the State and CB & I were negligent in the administration of the elevation program. LCPIC maintains that the Johnstons selected LAA as their *24 contractor because LAA was included on the “HMGP List of Contractors.” Further, the Johnstons alleged in their petition, as incorporated and referenced in LCPIC’s cross-claim, that the State and CB & I were negligent with regard to verifying the licenses and/or contractors on the HMGP list and by failing to inspect and/or supervise the elevation work.

Stipulation Pour Autrui

The Johnstons did not contract with CB & I. However, the Johnstons claimed status as a third-party beneficiary to the contract between the State and CB & I. La. C.C. art. 1978 states that “[a] contracting party may stipulate a benefit for a third |7person called a third party beneficiary.” “Under Louisiana law, such a contract for the benefit of a third-party is referred to as a stipulation pour autrui and gives the third party beneficiary the right to demand performance from the promisor.” Smith v. State Farm Ins. Companies, 03-1580, p. 4 (La. App. 4 Cir. 3/3/04), 869 So.2d 909, 912. “A stipulation pour autrui is never presumed.” Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary, 05-2364, p. 9 (La. 10/15/06), 939 So.2d 1206, 1212. “The party claiming the benefit bears the burden of proof.” Id.
There are “three criteria for determining whether contracting parties have provided a benefit for a third party.” Id., 05-2364, p. 8, 939 So.2d at 1212. First, “the stipulation for a third party” must be “manifestly clear.” Id., 05-2364, pp. 8-9, 939 So.2d at 1212. Second, there must be “certainty as to the benefit provided the third party.” Id., 05-2364, p. 9, 939 So.2d at 1212. Lastly, “the benefit” cannot be “a mere incident of the contract between the promisor and the promisee.” Id. “The most basic requirement of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof.” Id.
The contract between the State and CB & I did not contain a manifestation of clear intent to benefit a third party. The contract was to provide staffing services to help with the administration of the HMGP. Also, there is no certainty as to the alleged benefit to the third party; here, the John-stons. Arguably, the benefit was that the JHMGP was more organized and well-staffed. However, any benefit the John-stons received was merely incidental to the State needing to acquire additional staffing and executing a contract to achieve same. This Court found that contracts entered into by municipalities generally benefit all citizens, but do not constitute a stipulation pour autrui. Albe v. City of New Orleans, 12-0073, p. 8 (La. App. Cir. 7/5/12), 97 So.3d 583, 589. “A person may derive a benefit from a contract to which he is not a party without being a third party beneficiary.” Joseph, 05-2364, p. 12, 939 So.2d at 1214.
Further, the covenant between the State and the Johnstons contained a clause limiting the State’s responsibility. The covenant provided that:
Owner(s) shall be responsible for ensuring compliance with both Louisiana Contractor Licensing Law and the Louisiana Home Improvement Registration Act for mitigation work performed on his/ her/their property. In addition, all mitigation work must comply and adhere to more stringent local requirements, building codes, permitting, ordinances, standards, etc.
Given the above covenant provision and the Louisiana Supreme Court’s requirements for finding a stipulation pour au-trui, we find that LCPIC was unable to affirmatively demonstrate that a benefit provided to the Johnstons was more than incidental. Even accepting all of the well- *25 pleaded facts as true, the three criteria of Joseph were not met. Therefore, as a matter of law, a stipulation pour autrui was not shown. The trial court did not err by sustaining the State’s exception of no right of action.

Assumption of a Duty

LCPIC also asserts that the State assumed a duty, which should overcome an exception of no right of action and be presented to the factfinder.[4]
“Duty is a question of law.” Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La. 1984). “Under Louisiana law, one who does not owe a duty to |3act may assume such a duty by acting.” Hebert v. Rapides Par. Police Jury, 06-2001, p. 9 (La. 4/11/07), 974 So.2d 635, 643. “[I]f a person undertakes a task which he otherwise has no duty to perform, he must nevertheless perform that task in a reasonable and prudent manner.” McGowan v. Victory & Power Ministries, 99-0235, p. 4 (La. App. 1 Cir. 3/31/00), 757 So.2d 912, 914.
The Louisiana Supreme Court stated that “an assumption of duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should recognize as necessary for the protection of a third person.” Hebert, 06-2001, p. 9, 974 So.2d at 643. “[W]hether such an action was taken involves an examination of the scope of the defendant’s involvement, the extent of the defendant’s authority, and the underlying intent of the defendant.” Hebert, 06-2001, p. 10, 974 So.2d at 644. “However, neither a defendant’s concern with safety conditions and its general communications regarding safety matters, nor its superior knowledge and expertise regarding safety issues, will create a duty to guarantee safety.” Id. “Likewise, inspections and mere safety recommendations, which recommendations are not mandatory and are not within the authority of the defendant to remediate, cannot create such a duty.” Id.
The Johnstons alleged that Francis King, an employee of CB & I/State, provided a list of contractors and was responsible for verifying the licensing and credentials of same. The Johnstons also contended that Greg Pierson, an employee of CB & I/State, should have served as a contractor liaison and overseen the work performed by LAA. However, Mr. Pierson allegedly did not inspect or supervise the work. Subsequently, after construction problems began, David Knight, an employee of CB & I/State, advised the Johnstons to continue working with LAA. Lastly, the Johnstons asserted that the State assumed a duty by agreeing to review |inall elevation projects, maintain required documents, confirm building permits/plans, review calculations, take photos of ongoing work, and inspect the property at the middle and end of construction to comply with HMGP requirements.
Accepting all of the above allegations as true, as required in the examination of an exception of no right of action, we do not find that the State assumed a duty to the Johnstons, as a matter of law. Ensuring compliance with the HMGP and attempting to verify safety information or ensuring adherence to safety standards does not equate with undertaking a duty the State *26 was not already obligated to perform as part of the administration of the HMGP. See Hebert, 06-2001, p. 10, 974 So.2d at 644. Again, the State included the following clause to escape liability in the covenant between the State and the Johnstons:
Owner(s) shall be responsible for ensuring compliance with both Louisiana Contractor Licensing Law and the Louisiana Home Improvement Registration Act for mitigation work performed on his/ her/their property. In addition, all mitigation work must comply and adhere to more stringent local requirements, building codes, permitting, ordinances, standards, etc.
Accordingly, we do not find that the State assumed a duty to the Johnstons. As such, the trial court did not err by granting the State’s Exception of No Right of Action and dismissing LCPIC’s claims with prejudice. The judgment of the trial court is affirmed.

DECREE

For the above-mentioned reasons, we deny the State’s Motion to Dismiss, as LCPIC, a partial subrogoh, has a right to exercise its appellate rights. We also find that LCPIC did not prove the existence of a stipulation pour autmi Further, we do not find that the State assumed a duty to the Johnstons. Therefore, the trial court ludid not err by granting the State’s Exception of No Right of Action and dismissing LCPIC’s claims with prejudice. The trial court’s judgment is affirmed.
MOTION DENIED; AFFIRMED
LANDRIEU, J., CONCURS IN THE RESULT
LOBRANO, J., CONCURS IN THE RESULT

. The amount listed in LCPIC’s cross-claim.

. LCPIC filed a Notice of Settlement with this Court on May 22, 2017, providing that it "entered into a binding confidential settlement” with CB & I on March 23, 2017, LCPIC further stated that "the dispute between Citizens and CB & I has been fully and finally resolved.” Accordingly, the portion of this appeal regarding CB & I is pretermitted.

.- La C.C.P. art. 1673: provides, in' pertinent part: "A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.”

. The State avers that the assumption of a duty is not properly before the Court because LCPIC did not present the argument to the trial court. The record reveals this assertion lacks merit. LCPIC included the theory of the assumption of a duty in the Opposition to the Exception of No Right of Action and in the Opposition to CB & I’s Motion for Summary Judgment. The trial court’s reasons for judgment do not reference the assumption of a duty. "It is well settled that a judgment’s silence as to an issue is a rejection of the claim.” DeSoto v. DeSoto, 04-1248, p. 7 (La. App. 3 Cir. 2/2/05), 893 So.2d 175, 180.