Tomlinson v. Landmark Am. Ins. Co. , 2015-0276 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 156. Nonetheless, this Court may invoke our supervisory jurisdiction and convert the appeal to a writ. Accordingly, we do so in this case, grant the writ, and now consider its merits.
STANDARD OF REVIEW
The standard of review of rulings on exceptions is well-settled, as described by this Court in Louisiana Citizens Prop. Ins. Corp. v. LAA Shoring, LLC , 2016-1136 (La.App. 4 Cir. 6/14/17), 223 So.3d 17, 23 :
"The determination of whether a plaintiff has a right of action is a question of law." Mendonca v. Tidewater Inc. , 03-1015, p. 3 (La. App. 4 Cir. 12/17/03), 862 So.2d 505, 508. "The standard of review of a trial court's ruling on an exception of no right of action is de novo. " N. Clark, L.L.C. v. Chisesi , 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015. "Therefore, this court is required to determine whether the trial court applied the law appropriately." Mendonca , 03-1015, p. 3, 862 So.2d at 508.
LAW AND ANALYSIS
New Orleans Code of Ordinances, Section 162-48, provides that:
(a) It shall be the duty of the department of safety and permits, to see that all applications to own or operate taxicabs or other for hire CPNC licensed vehicles or transportation network company vehicles conform to all requirements established by this article and other articles of this chapter where applicable; and to certify that such requirements have been met; to execute all policies established; and carry out duties as may be assigned from time to time by the director of the department of safety and permits.
(b) It shall be the primary responsibility of the department of safety and permits to enforce all of the provisions of this chapter relative to taxicabs, other for-hire vehicles, and transportation network companies by instituting appropriate administrative actions and/or filing proper charges against the offender.
Appellants allege that the Department has enforced this provision against taxi cab drivers, but has failed to do so for TNCs, despite the mandatory language of the Ordinance. They argue mandamus is the proper procedural device to enforce the Ordinance, as its language leaves no room for discretion as to whether to enforce its provisions.
"A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." La.C.C.P. art. 3862. As this Court explained in Constr. Diva, L.L.C. v. New Orleans Aviation Bd. , 2016-0566, pp. 12-13 (La.App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037 :
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. See La. C.C.P. art. 3863. A " 'ministerial duty' is one in which no element of discretion is left to the public officer, in other words, a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law."
*627 Landis Const. Co., LLC v. Reg'l Transit Auth. , 15-0854, p. 10 (La.App. 4 Cir. 5/25/16), 195 So.3d 598, 605, quoting Newman Marchive P'ship, Inc. v. City of Shreveport, 07-1890, p. 5 (La. 4/8/08), 979 So.2d 1262, 1266.
Mandamus is an extraordinary remedy that is to be used sparingly. [Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans] Id., 00-1146 [ (La.App. 4 Cir. 10/3/01) ], 798 So.2d [1167] at 1175. A writ of mandamus, therefore, may not be issued to compel a public official to exercise discretionary authority. Id., p. 11, 798 So.2d at 1175-1176. It never issues in doubtful cases. City of Hammond v. Parish of Tangipahoa, 07-0574, p. 11 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 181. Louisiana's jurisprudence, however, has shown that in the realm of public bid law, mandamus has been an appropriate remedy to award publicly bid contracts when the law requires. See, e.g., Concrete Busters of Louisiana, Inc. v. The Board of Commissioners of the Port of New Orleans , 10-1172, p. 10 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 489-490.
When seeking to compel the action of a public official, "the plaintiff must demonstrate that he has a special interest, which is separate and distinct from the general public." Sewell v. Huey , 2000-0385, p. 3 (La.App. 4 Cir. 1/24/01), 779 So.2d 1003, 1005. In Sewell , plaintiff filed a petition for writ of mandamus directed to the Orleans Parish Levee Board ("the Board"), which had granted rent relief to a casino. Plaintiff argued the Board's "failure to exercise its duty to collect [unpaid rents] to prevent flood and hurricane damage put him and his home at risk." Id. This Court found plaintiff had no right of action as plaintiff failed to assert a "special interest," reasoning that "plaintiff's allegations of jeopardy to his interest in hurricane and flood protection and a right not to drown are not, however, peculiar to him. Such interests are common to the public at large." Id. at 1006.
The City advances the same argument here; that is, Appellants have failed to allege a special interest in requiring the Department to enforce the relevant sections of the City Ordinances against TNCs.
We agree that Appellants have no standing to seek mandamus relief by arguing the Department's failure to regulate TNCs in the same manner as taxi cabs puts the public at risk. As in Sewell , the Department's failure in this regard places the public at large at risk, such that Appellants can assert no "special interest."
Appellants' argument that the Department's inaction places them at a competitive disadvantage also fails. Although Appellants disputed its applicability to the facts of this case, we find the City's reliance on Lauer v. City of Kenner , 536 So.2d 767 (La.App. 5 Cir. 1988), is not misplaced. In Lauer , plaintiff sought damages resulting from declined business after the City of Kenner granted a land use variance to plaintiff's business competitor. Id. at 768. In affirming the district court's judgment in favor of the City of Kenner, the Fifth Circuit reasoned:
In the present case, Lauer's only complaint is that competition from the [business competitor's] grocery has hurt his grocery business. This competition is a factor shared by all other grocers in the municipality, and is therefore not distinct to him. In the factual circumstances of this case, we hold that this mere competitive disadvantage is not such a particular interest as to confer standing upon Lauer to bring this suit.
Id. at 772. Though not a case concerning an exception of no cause of action, the same issue of standing to bring suit is implicated. Here, in order to bring suit, Appellants were required to show that *628 they had standing by virtue of a special interest. The Court in Lauer squarely held that "competitive disadvantage" is insufficient to confer standing, as that disadvantage was not unique to plaintiff, but shared by all other similarly-situated grocers.
Here, only two New Orleans CPNC taxi cab drivers have filed suit, asserting a competitive disadvantage presented by the Department's failure to enforce the City Ordinance, as written. However, as the Court did in Lauer , we find that mere competitive disadvantage does not confer the requisite standing, as this disadvantage is shared by all other taxi cab drivers in the City of New Orleans.
Notwithstanding the aforementioned, we find that the granting of the exception of no right of action, without allowing for an amendment violates the mandates set forth in La.C.C.P. art. 934, which states:
When the grounds of the objection pleaded by the peremptory exception [e.g., no right of action] may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The district court did not provide Appellants an opportunity to amend their petition as required by the Code of Civil Procedure. Accordingly, we remand this matter to the district court for further proceedings consistent with this decision.
CONCLUSION
For the foregoing reasons, we convert Appellants' appeal to a writ. The writ is granted, and relief is denied, and the matter is remanded for further proceedings.
APPEAL CONVERTED TO WRIT; WRIT GRANTED, RELIEF DENIED; REMANDED FOR FURTHER PROCEEDINGS