**FLAG BOY PROPERTIES, LLC**

**VERSUS**

**ELVETTA M. DICKERSON, THE UNOPENED SUCCESSION OF STELLA MITCHELL O'GWINN, AND THE UNOPENED SUCCESSION OF ALLEN A. O'GWINN**

\*      NO. 2019-CA-0754

\* 

     **COURT OF APPEAL**

\* 

     **FOURTH CIRCUIT**

\* 

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07211, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Tiffany G. Chase)


Jonah A. Freedman
ATTORNEY AT LAW
700 Camp Street, Suite 316
New Orleans, LA 70130


     COUNSEL FOR PLAINTIFF/APPELLANT


Taylor C. Stone
ATTORNEY AT LAW
4130 Canal Street
New Orleans, LA 70119


     COUNSEL FOR DEFENDANT/APPELLEE


     **REVERSED AND REMANDED**
     **JANUARY 29, 2020**

Flag Boy Properties, LLC (hereinafter "Flag Boy") seeks review of the trial court's March 14, 2019 judgment granting Elvetta M. Dickerson's (hereinafter "Ms. Dickerson") exception of no right of action. After consideration of the record before this Court and the applicable law, we reverse the judgment of the trial court granting Ms. Dickerson's exception of no right of action, and dismissing Flag Boy's petition to partition by licitation, and remand for further proceedings.

## Facts and Procedural History

The property located at 5016 Warrington Drive, New Orleans, LA (hereinafter referred to as "the property"), was originally purchased by Allen and Stella O'Gwinn.[1] As a result of unpaid property taxes, the property was purchased at a tax sale auction by Ms. Dickerson on November 28, 2007. Ms. Dickerson paid the property taxes from 2006 to 2012, at which point she ceased paying the property taxes. As a result, on April 12, 2016, Flag Boy purchased a tax sale certificate for the 2013 to 2015 tax years. The tax sale certificate conveyed a ninety-eight percent (98%) interest in the property to Flag Boy.

---

[1] Allen O'Gwinn and Stella O'Gwinn are deceased, as such, the Unopened Succession of Allen O'Gwinn and the Unopened Succession of Stella O'Gwinn are named defendants in this matter.

1

On December 2, 2015, the City of New Orleans mailed a pre-tax sale notice to Ms. Dickerson at a P.O. Box in New Orleans. The notice was returned as undelivered to the City of New Orleans and was eventually forwarded to a different address for Ms. Dickerson, on Rhodes Drive in New Orleans, LA, via certified mail receipt.[2] The certified mail receipt was signed by "Elvetta Dickerson" on April 18, 2016. On December 27, 2017, Flag Boy mailed a post-tax sale letter to Ms. Dickerson at the following addresses: (1) Rhodes Drive in New Orleans, LA; (2) Lafon Drive in New Orleans, LA; and (3) a P.O. Box in New Orleans, LA.[3]

On June 28, 2018, Flag Boy filed an affidavit to quiet title pursuant to La. R.S. 47:2157(D) and subsequently filed a petition to partition by licitation on July 23, 2018. On December 12, 2018, Ms. Dickerson filed a peremptory exception of no right of action. She argued that because she never received notice of the tax sale, Flag Boy could not transfer its tax sale interest into an ownership interest. Thus, pursuant to La. R.S. 47:2121, partition by licitation was improper. Ms. Dickerson's exception was heard on February 6, 2019. By judgment dated March 14, 2019, the trial court granted Ms. Dickerson's exception of no right of action. The trial court also designated the judgment a partial final judgment. On March 20,

---

[2] The December 2, 2015, pre-tax sale letter from the City of New Orleans listed tax bill number 37W516014, the property location as 5016 Warrington Drive and contained the following pertinent language:

> The property taxes for the above referenced property were not paid. In accordance with the notice requirement contained in Article VII, Section 25 of the Louisiana Constitution, you are hereby notified that if the delinquent property taxes are not paid within twenty days of the date of this notice, the property will be sold at tax sale in accordance with law… .

[3] Flag Boy also mailed a post-tax sale letter, on the same date, to Allen O'Gwinn at an address on Hayne Blvd. in New Orleans, LA.

2019, Flag Boy requested written reasons for judgment; however, no written reasons are contained in the record.[4] This appeal followed.

## Discussion

By its sole assignment of error, Flag Boy argues that the trial court erred in granting the exception of no right of action and dismissing its petition for partition by licitation.

This Court reviews a "trial court's ruling on an exception of no right of action *de novo*" and must determine if the trial court appropriately applied the law. *Gunasekara v. City of New Orleans through Munster*, 2017-0914, p. 3 (La.App. 4 Cir. 3/28/18), 243 So.3d 623, 626 (quoting *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La.App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 and *Mendonca v. Tidewater Inc.*, 2003-1015, p. 3 (La.App. 4 Cir. 12/17/03), 862 So.2d 505, 508).

The function of an exception of no right of action determines whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Hood v. Cotter*, 2008-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. The exception therefore, focuses on whether a particular plaintiff has a right to bring the suit, while simultaneously assuming that the petition states a valid cause of action. *J-W Power Co. v. State ex rel. Dept. of Revenue & Taxation*, 2010-1598, p. 7 (La. 3/15/11), 59 So.3d 1234, 1238-39. Evidence may be admitted against, or in support of, an exception of no right of action. *Hope v. S & J Diving,*

---

[4] The record does not contain documentation evidencing that Flag Boy's request for written reasons complied with Louisiana District Court Rule. 9.5(e), which provides:

> Requests for written reasons pursuant to La. Code Civ. Pro. art. 1917 shall be communicated to the judge either in open court or in writing. If the request is in writing, it shall: (1) contain a completed Rule 9.5(e) certificate…; and (2) be contemporaneously provided to the ruling judge in chambers, filed with the clerk of court, and served on all counsel of record and self-represented parties.

*Inc.*, 2008-0282, p. 4 (La.App. 4 Cir. 9/24/08), 996 So.2d 50, 53; La. C.C.P. art. 931.

Flag Boy argues that it has a right to bring a partition suit against Ms. Dickerson because it is a co-owner of the property. Conversely, Ms. Dickerson maintains that she was not provided with proper notice of the tax sale and as such, the tax title, held by Flag Boy, did not transfer ownership. Thus, she contends that Flag Boy is not within the class of persons to whom the law grants the cause of action asserted in the suit.

La. C.C. art. 807 provides that "No one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act. Any co-owner has a right to demand partition of a thing held in indivision… ." When partition in kind is not an available option, the court shall order the thing held indivision to be partitioned by licitation or private sale. La. C.C. art. 811. Thus, pursuant to the applicable statutory authority, only a co-owner of property may seek to partition the property.

Purchasing property through a tax sale does not provide the buyer with ownership of the property. La. R.S. 47:2121(C)(1) provides:

> A tax sale confers on the tax sale purchaser…only tax sale title. If the tax sale property is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interest, claims, or encumbrances held by all duly notified persons… .

Statutory language thus creates a two-step process in order for title of the property to transfer ownership: (1) expiration of the redemptive period and (2) notification to all required persons. It is recognized that "the term 'tax sale' actually denotes that it is the tax lien that is purchased in the form of a tax sale title, albeit with

4

future rights of ownership after due notice to all 'tax sale parties' and the expiration of the redemptive period, as well as the filing of a suit to quiet title." *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 12 (La. 6/27/17), 225 So.3d 441, 449. Title to property may be quieted either by filing a petition to quiet title or by affidavit pursuant to La. R.S. 47:2157(D).[5]

In the case *sub judice*, Flag Boy filed an affidavit to quiet title submitting the names, and contact information, of the persons or entities with an interest in the property. The affidavit further provided the names and addresses of the persons or entities to whom notice of the tax sale was provided. Ms. Dickerson opposed the procedure contending that she did not receive proper notice of the tax sale prior to the recordation of Flag Boy's affidavit.[6]

The record before this Court reveals that Ms. Dickerson was duly notified of the tax sale pursuant to La. R.S. 47:2206, which provides that either the political subdivision or the acquiring party shall send a written notice to any tax sale party, whose interest the successful bidder intends to terminate. The statute also requires the political subdivision or acquiring party to inform the recipient of the specified period of time to redeem the property. La. R.S. 47:2206 further provides that if notice is provided after the expiration of the redemptive period, the notice shall constitute notice of the sale.

---

[5] La. R.S. 47:2157(D) provides, in pertinent part:

> After expiration of the applicable time period set forth in the notice, the tax sale purchaser may file with the recorder of mortgages an affidavit indicating how the tax sale parties whose interest the purchaser intends to be terminated were identified, how the address of each tax sale party was obtained, how the notice was sent, the results of sending the notice, and the dates of publication… .

[6] Ms. Dickerson does not contest that the redemptive period expired.

La. R.S. 47:2122(4) provides:

> 'Duly notified' means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of any of the following:
>
> (a) Whether the effort resulted in actual notice to the person.
>
> (b) Whether the one who made the effort was a public official or a private party.
>
> (c) When, after the tax sale, the effort was made.

The City of New Orleans mailed a pre-tax sale notice, by certified mail, on December 2, 2015. At the hearing on Ms. Dickerson's exception of no right of action, evidence of the certified mail receipt was presented and contained a signature by "Elvetta Dickerson." Ms. Dickerson denies that the signature is hers and testified that she did not remember receiving the pre-tax sale notice. Nonetheless, she concedes that the signature on the certified mail receipt looked similar to her signature. No further evidence was submitted to substantiate her contention.

In further opposition to Ms. Dickerson's exception of no right of action, Flag Boy submitted a December 27, 2017 post-redemptive tax sale notice mailed to Ms. Dickerson at three different addresses: (1) Rhodes Drive; (2) Lafon Drive; and (3) a P.O. Box. Ms. Dickerson denies receiving the post-tax sale notice. However, as La. R.S. 47:2122 provides, "duly notified" does not require actual notice. La. R.S. 47:2157 provides that notice of a sale is sufficient, regardless of whether notice of the tax sale or any other notice was given, if the notice is in the following form:

**This is an important legal notice.**
**Please read it carefully. You will receive no further notice.**
**[Date]**

[Name]

[Address]

[City], [ST] [Zip]

RE:          Property:         [Property Address]

                                       [Description of Property Abbr]

                                       Parish of_____, State of Louisiana

Tax sale title to the above described property has been sold for failure to pay taxes. You have been identified as a person who may have an interest in this property.

Your interest in the property **will be terminated** if you do not file a lawsuit in accordance with law within [60 days] [6 months] of the date of this notice.

The notice mailed by Flag Boy contained the following: (1) the name and address of Ms. Dickerson; (2) the tax bill number, the property address and description; (3) the parish and state location of the property; (4) information notifying her that the property had been sold for failure to pay taxes; and (5) information notifying her that her interest in the property would terminate if she did not file a lawsuit within six months of the date of the notice. Thus, we find the notice sent by Flag Boy satisfied the requirements set forth in La. R.S. 47:2157(2).

## Conclusion

We find that sufficient notice of the tax sale was provided to Ms. Dickerson; however, she failed to institute proceedings to redeem the property before June 27, 2018. Upon expiration of the redemptive period the tax sale title transferred ninety-eight percent (98%) ownership to Flag Boy. Thus, as co-owner, Flag Boy is a proper plaintiff to seek to have the property partitioned by licitation. Accordingly,

we find the trial court erred in granting Ms. Dickerson's exception of no right of action, dismissing Flag Boy's petition to partition by licitation. The matter is remanded for further proceedings.

**REVERSED AND REMANDED**