THE CITY OF NEW ORLEANS     \*       NO. 2020-CA-0521
AND KEITH LAGRANGE, IN
HIS OFFICIAL CAPACITY AS    \*
DIRECTOR OF THE             COURT OF APPEAL
DEPARTMENT OF PUBLIC     \*
WORKS FOR THE CITY OF        FOURTH CIRCUIT
NEW ORLEANS             \*

                               STATE OF LOUISIANA

VERSUS             \* \* \* \* \* \* \*

THE NEW ORLEANS CIVIL
SERVICE COMMISSION

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-00715, DIVISION "C"
Honorable Sidney H. Cates IV, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra
Cabrina Jenkins)

William R. H. Goforth
ASSISTANT CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

Elizabeth Robins
DEPUTY CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

Corwin M. St. Raymond
ASSISTANT CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

Donesia D. Turner
SENIOR CHIEF DEUPTY CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112

        COUNSEL FOR PLAINTIFF/APPELLEE


Christina L. Carroll
CITY OF NEW ORLEANS CIVIL SERVICES COMMISSION
1340 Poydras Street
Suite 900
New Orleans, LA 70112


        COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND VACATED**

**DECEMBER 1, 2021**

Following this Court's decision in *Zepporiah Edmonds v. Department of Public Works*, 2018-0203 (La.App. 4 Cir. 12/5/18), 260 So.3d 784,[1] the New Orleans Civil Service Commission ordered all the job duties of Parking Administrator be restored to Ms. Edmonds on March 20, 2019.  No appeal was taken from the Commission's order implementing the Fourth Circuit's opinion.  The Department of Public Works (DPW) later determined that it was not required to comply with the Commission's order.  Thereafter, the Commission set the matter for a contempt hearing in accordance with the Commission's rules and the Louisiana Constitution.

On January 24, 2020, the City of New Orleans and the director of the DPW Keith LaGrange preemptively filed a petition for declaratory judgment, preliminary injunction and permanent injunction in Orleans Parish Civil District Court.  On March 4, 2020, following a hearing on the Commission's exceptions, including the trial court's lack of subject matter jurisdiction, the court conducted a

---

[1] For a detailed factual history of the events giving rise to the instant matter, one may wish to peruse this case.

1

hearing on the preliminary injunction. The trial court granted the petition for declaratory judgment, preliminary judgment, and permanent injunction without conducting a trial on the permanent injunction. It is from this judgment that that the Commission now appeals.[2]

On appeal, the Commission raises the following issues for review: (1) whether the trial court erred in granting a permanent injunction without a trial on the merits; (2) whether the trial court lacked jurisdiction over this employee disciplinary matter; (3) whether the appellees waived their right to appeal the Commission's March 20, 2019 order; (4) whether the Commission's October 4, 2019 minute entry is an appealable order; and (5) Whether the Department of Civil Service appropriately exercised its authority to administer a uniform pay and classification plan under La. Const. art. X, Section 10(A)(1).

**Permanent Injunction**

On November 5, 2020, after overruling the Commission's exceptions in open court, the district court conducted a hearing on the preliminary injunction. The district court then entered an order granting the preliminary injunction as well as the permanent injunction without conducting a trial on the permanent injunction. However, "[t]he issuance of a permanent injunction, . . . , takes place only after a trial on the merits in which the burden is a preponderance of the evidence rather than a prima facie showing." *Elysian Fields Church of Christ v. Dillon*, 2008-

---

[2] The Commission timely moved to appeal this judgment on July 23, 2020, and the trial court granted the motion to appeal on July 23, 2020. In response to this Court's October 19, 2020 Order, the district court amended its July 10, 2020 judgment on November 5, 2020. Therefore, the appeal of the declaratory judgment, preliminary injunction, and permanent injunction are properly before this Court.

0989, p. 8 (La.App. 4 Cir. 3/1/09), 7 So.3d 1227, 1232 (quoting *Bollinger Machine Shop and Shipyard, Inc. v. United States Marine, Inc.*, 595 So.2d 756, 758 (La.App. 4 Cir. 1992). Furthermore, "[t]he jurisprudence is clear that a preliminary hearing cannot be converted to a permanent injunction hearing absent a stipulation of the parties to the contrary." *Elysian Fields Church of Christ*, 7 So.3d 1227 at 1232 (quoting *Louisiana Service and Contracting Co., Inc. v. St. Bernard Parish Government*, 2008-0174, p. 5 (La.App. 4 Cir. 11/26/08), 1 So.3d 557.

Considering that a trial on the permanent injunction never took place and there was no stipulation by the parties for its forbearance in the instant case, the district court erred both procedurally and legally when it granted the appellees a permanent injunction.

**Subject Matter Jurisdiction**

In the instant case, the district court overruled the Commission's exception of lack of subject matter jurisdiction. The district court also ruled that the March 20, 2019 order in Zepporiah Edmonds' disciplinary case, implementing the decision of this Court, is "absolutely null and void." However, the appellees never appealed the March 20, 2019 order or the earlier decision of this Court. Hence, these are both final judgments that cannot now be appealed.

"The exception of lack of subject matter jurisdiction is a question of law and is reviewed *de novo*." *St. Bernard Parish Gov't. v. Pernciaro*, 2019-0604, p. 4 (La.App. 4 Cir. 3/11/20), ___So.3d___, 2020 WL 1173569 (quoting *Ryan Gootee*

3

*Gen. Contractors, LLC v. Plaquemines Parish Sch. Bd. & One Constr. Inc.*, 2015-0325, p. 9 (La.App. 5 Cir. 11/19/15), 180 So.3d 588, 595). Subject matter jurisdiction is "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. Such jurisdiction cannot be waived or conferred by the consent of the parties. La. C.C.P. art. 3. Except where otherwise provided for by statute or the state constitution, district courts have original jurisdiction of all civil and criminal matters. La. Const. art. V, Section 16(A). However, for matters such as the instant implementation of an order on a civil service employment/disciplinary appeal, Section 12 of art. X of the Louisiana Constitution "places exclusive original jurisdiction to adjudicate removal and disciplinary cases in [local civil service commissions], with the attendant power to appoint referees to hear and decide cases." *Louisiana Dep't. of Agriculture and Forestry v. Sumrall*, 98-1587, p. 1 (La. 3/2/99), 728 So.2d 1254, 1259.

Article X of the Louisiana Constitution grants appellate jurisdiction over orders in employee disciplinary cases to this Court. "The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final." La. Const. art. X, Section 12(B); *See also Scott. v. Div. of Housing & Neighborhood Dev.*, 08-0068, p. 2 (La.App. 4 Cir. 8/6/08), 991 So.2d 558, 560. While the

decision of the Commission is subject to review on any question of fact or law, only the "court of appeal wherein the commission is located" may execute such a review." *Id.* "When the Commission issues a decision under its quasi-judicial powers, the decision is subject to appellate review." *Hellmers v. Dep't of Fire*, 2019-0420, p. 10 (La.App. 4 Cir. 10/30/19), ___ So.3d ___, 2019 WL 5670426.

Based on the law, it is clear in the instant case that the district court lacked subject matter jurisdiction over this case. Through the injunction proceeding in Orleans Parish Civil District Court, the City and DPW attempted to circumvent the Commission's exclusive jurisdiction over this employee disciplinary appeal, including the Commission's authority to ensure compliance with this Court's final judgment regarding Ms. Edmonds' reinstatement.

**Waiver**

The district court overruled the Commission's exceptions of no cause of action and no right of action. "Exceptions of no cause of action present legal questions, which are reviewed using the *de novo* standard of review." *O'Dwyer v. Edwards*, 2008-1492, p. 3 (La.App. 4 Cir. 6/10/09), 15 So.3d 308, 310. "The determination of whether a plaintiff has a right of action is a question of law." *Gunasekara v. City of New Orleans through Munster*, 2017-0914, p. 3 (La.App. 4 Cir. 3/28/18), 243 So.3d 623, 626 (quoting *Mendonca v. Tidewater Inc.*, 2003-1015, p. 3 (La.App. 4 Cir. 12/17/03), 862 So.2d 505, 508).

In the instant case, the parties stipulated that "[n]either the City nor Director LaGrange appealed the March 20, 2019, order of the Commission to the Fourth

Circuit Court of Appeal." At the Commission's September 23. 2019, meeting, the Deputy Director of DPW assured the Commission that DPW would comply fully with the Commission's March 20, 2019 Order. The Commission recited this statement in its October 4, 2019 minute entry that "DPW assured the Commission that it would fully comply with the Commission's order and reinstate Ms. Edmonds to her position with all authority and responsivity including towing pending DPW's request for an additional Parking Administrator position."

Likewise, neither the City, nor Mr. LaGrange requested an investigation of this matter. Because this matter is an employee disciplinary appeal and an exercise of the Commission's quasi-judicial powers, the only way to challenge the March 20, 2020 Order was in this Court or by request for investigation under the Commission's rules. Neither of these options was pursued, nor did the Commission seek to hold the DPW or Mr. LaGrange in contempt of its October 4, 2019 minute entry. As such, they had no cause of action for injunctive relief. Furthermore, any cause or right of action that the City or Director LaGrange may have had were waived when they failed to appeal the Commission's March 20, 2019 order.

**Appealable Judgment**

The DPW appealed the Commission's October 4, 2019 minute entry on October 18, 2019. This mater is currently pending in this Court. *Enrico Sterling v. Department of Civil Service*, No. 2020-CA-0161, consolidated with No. 2020-CA-0260. There is a question as to whether this is an appealable final judgment. We

6

will not address that issue in this appeal, but separately in the aforementioned appeal.

**Uniform Pay and Classification Plan**

The Commission was not afforded the opportunity to present evidence at a trial on the merits of the permanent injunction about the pay and classification plan and the job descriptions at issue regarding the Parking Administrator's Position. Therefore, there is no record regarding this issue. Accordingly, as a court of record, we will not address this issue.

**CONCLUSION**

For the foregoing reasons, the trial court's judgment granting a declaratory judgment, preliminary injunction, and permanent injunction is reversed and vacated.

**REVERSED AND VACATED**