Judge Paula A. Brown
This underlying matter involves a dispute arising out of the Louisiana Private Works Act ("LPWA"). Appellant, Ronald Franks Construction Company, L.L.C. ("Franks Construction"), a subcontractor, *496 intervened in the Petition to Enforce Lien and For Damages ("Petition to Enforce Lien")[1] filed by the general contractor, Roy Anderson Corp. ("RAC"), against the property owner, 225 Baronne Complex, L.L.C. ("225 Baronne"). Franks Construction appeals the district court's judgment which granted 225 Baronne's peremptory exception of no right of action, finding that Franks Construction had no right to intervene in the Petition to Enforce Lien. For the reasons that follow, we affirm the judgment.
FACTUAL AND PROCEDURAL HISTORY
225 Baronne and RAC entered a Contract in the amount of $61,300,000.00 for the renovation and reconstruction of property located at 225 Baronne Street in New Orleans, Louisiana (the "Project"). On March 17, 2014, RAC subcontracted with Franks Construction for Franks Construction to complete certain portions of the work that 225 Baronne had contracted with RAC to perform.[2]
RAC filed a Petition to Enforce Lien on December 21, 2016, alleging that 225 Baronne had failed to pay RAC the total amount due for the work it had performed on the Project.[3] Paragraph 4 of the Petition to Enforce Lien alleged the following:
On November 8, 2013, the Contract was recorded with a Notice of Construction Contract as Instrument No. 2013-42883 with the Recorder of Mortgages for Orleans Parish.
On April 18, 2017, Franks Construction filed a Petition for Intervention (the "Intervention") into the Petition to Enforce Lien, pursuant to La. C.C.P. art. 1091.[4] Franks Construction alleged it was entitled to intervene against both RAC and 225 Baronne to enforce its rights as a third person with an interest in the Petition to Enforce Lien. Franks Construction contended that it had entered into three subcontracts with RAC totaling $6,691,448.00. It alleged that delays, scheduling, and other management problems caused by RAC made it spend an additional 305 days on the Project and incur total damages in the amount of $8,372,629.00.[5] Franks Construction *497 joined with RAC to seek relief for any "pass-through" claims RAC might recover against 225 Baronne.[6] Franks Construction also pled that it had filed a demand for arbitration in December 2016 with the American Arbitration Association ("AAA") against RAC to recover those damages.
225 Baronne filed a peremptory exception of no right of action (the "Exception") in response to the Intervention. 225 Baronne alleged that RAC had furnished and maintained a payment bond (the "Bond") of solvent, legal sureties for the work to be performed under the Contract and attached the Bond to the notice of the Contract that was recorded in the Office of the Recorder of Mortgages for Orleans Parish ("Recorder of Mortgages"). The furnishing of the Bond and the recordation were completed prior to work commencing on the Project in accord with La. R.S. 9:4812(A)[7] of the LPWA. Accordingly, it argued that as the owner, La. R.S. 9:4802(C) relieves it of claims asserted against it by the subcontractor, Franks Construction, which arise from the performance of the Contract.[8] Therefore, Franks Construction did *498 not have a right to intervene in the Petition to Enforce Lien; instead, 225 Baronne urged that Franks Construction's only LPWA remedies were limited to the arbitration action it had filed against RAC and its suit against the Bond.[9]
On June 16, 2017, the district court heard arguments on the Exception, and orally sustained the Exception on the same date. This devolutive appeal followed.
DISCUSSION
"The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." Two Canal Street Investors, Inc. v. New Orleans Building Corp. , 2016-1306, p. 8 (La. App. 4 Cir. 2/15/17), 212 So.3d 611, 617(citation omitted). As set forth in Louisiana Citizens Prop. Ins. Corp. v. LAA Shoring, LLC , 2016-1136, p. 5 (La. App. 4 Cir. 6/14/17), 223 So.3d 17, 23 :
"The determination of whether a plaintiff has a right of action is a question of law." Mendonca v. Tidewater Inc. , [20]03-1015, p. 3 (La. App. 4 Cir. 12/17/03), 862 So.2d 505, 508. "The standard of review of a trial court's ruling on an exception of no right of action is de novo ." N. Clark, L.L.C. v. Chisesi , [20] 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015. "Therefore, this court is required to determine whether the trial court applied the law appropriately." Mendonca , [20]03-1015, p. 3, 862 So.2d at 508.
Franks Construction argues that it was entitled to intervene because the outcome of the Petition to Enforce Lien litigation would have a direct impact on its ability to recover additional funds due Franks Construction on the Project. It further asserts that RAC had informed Franks Construction that Franks Construction's outstanding claims were "pass through" claims that could be recouped only if RAC successfully recovered those claims against 225 Baronne. Therefore, Franks Construction alleges that it had the right to intervene to aggressively protect its own interests.
Franks Construction contends the district court, in sustaining 225 Baronne's Exception, erred in: (1) basing its ruling on evidence which was not made a part of the record; (2) granting the Exception premised on an affirmative defense- La. R.S. 9:4802(C) -rather than an evaluation of Franks Construction's procedural capacity to assert the intervention; (3) failing to evaluate Franks Construction's right to intervene under the criteria enunciated pursuant to La. C.C.P. art. 1091 ; (4) concluding that Franks Construction had no justiciable interest connected to the object of the existing litigation; and (5) dismissing Franks Construction's Intervention with prejudice without affording Franks Construction the opportunity to amend its Intervention to remove the grounds for the Exception. We will discuss each alleged error, although some may be combined for consistency and ease of reading.
Bond Evidence
Franks Construction urges that comments from the district court suggest it granted the Exception based on 225 Baronne's argument that, as the owner of the property, Franks Construction did not *499 have a right of action against it because the Bond had been furnished and the Contract recorded in accordance with La. R.S. 9:4802(C). Our jurisprudence is well-settled that an appeal is taken from a final judgment and not the district court's reasons for judgment; however, an appellate court may consider the reasons for judgment in determining whether the district court committed legal error. Winfield v. Dih , 2001-1357, p. 8 (La. App. 4 Cir. 4/24/02), 816 So.2d 942, 948 (citation omitted).
At the hearing, 225 Baronne represented the following:
"...Roy Anderson at the started[sic] of the project filed a Private Works Act statutory payment bond that exist [sic]in the record. What that does is, is it precludes subcontractors and suppliers like Ronald Franks Construction from filing direct actions against the project owner and so the - - Ronald Franks in enforcing its lien rights has to file suit against the bond which it has in an action in [sic] Eastern District. It's also initiated arbitrate [sic] against Roy Anderson to assert its claim against Roy Anderson.
In a colloquy with counsel for Franks Construction's, the district court inquired:
THE COURT:
But don't you have to go after the bond? I don't understand how you can file suit in this. I'm having a hard time with that. Isn't your only right is to go against the surety bond?
MR. RICHESON:
Yeah. We can also go against Roy Anderson. And we are going against Roy Anderson in the arbitration. (emphasis added).
THE COURT:
Well, I'm going to grant the exception because I just don't think you can do it.
Franks Construction argues that the district court should not have granted the Exception based on the submission of the Bond because 225 Baronne did not offer evidence of the Bond's recordation into evidence. As the burden of proving the grounds for the Exception rests with the mover, Franks Construction contends 225 Baronne did not meet its burden of proof. This assignment of error lacks merit.
La. C.E. art. 201(C) permits a court to take judicial notice of adjudicative facts, whether requested or not. A judicially noticed fact, pursuant to La. C.E. art. 201(B), requires that the fact be one that is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Established jurisprudence provides that the second criterion-a fact capable of accurate and ready determination-may be established by public records.[10]
Here, the facts establish that Franks Construction, in enforcing its lien rights, filed an action against the Bond in Civil District Court for the Parish of Orleans-which was later removed to the United States District Court for the Eastern District of Louisiana. We also note that RAC's verified Petition to Enforce Lien represents that the Bond was recorded;
*500 and, 225 Baronne's Answer admits that the Bond was recorded. Moreover, Franks Construction does not contest that the Bond was recorded in its Intervention or in its argument before the district court, nor in the present appeal. Similar to other public records, a "trial court may take judicial notice of records in its own Clerk's office." Louisiana Lift & Equipment, Inc. v. Eizel , 33,747, p. 8 (La. App. 2 Cir. 11/1/00), 770 So.2d 859, 864.
Accordingly, we conclude the district court could properly take judicial notice of Franks Construction's Bond action filed in the Civil District Court Clerk's office.
Franks Construction's Right of Action to Intervene
Franks Construction next argues that the district court: (1) erroneously relied on La. R.S. 9:4802(C) in determining it did not have a right of action to intervene in the Petition to Enforce Lien; (2) failed to evaluate its right to intervene pursuant to La. C.C.P. art. 1091 ; and (3) erroneously concluded that Franks Construction had no justiciable interest in connection to the Petition to Enforce Lien.
Franks Construction emphasizes that it meets the criteria to intervene. This Court acknowledges this argument may have merit. Louisiana courts have interpreted La. C.C.P. art. 1091 to allow intervention where a justiciable right exists and that right has a connexity with the facts, circumstances, and objects of the main demand. Harrison v. Gaylord's Nat'l Corp. , 539 So.2d 909, 910 (La. App. 4th Cir. 1989). A "justiciable right" for purposes of La. C.C.P. art. 1091"means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." Amoco Prod. Co.v. Columbia Gas Transmission Corp. , 455 So.2d 1260, 1264 (La. App. 4th Cir. 1984). Connexity exists if the intervenor's claim is "so related or connected to the facts or object of the main action that a judgment on the main action will have a direct impact on the intervenor's rights. Id.
Franks Construction's Intervention seeks to recover damages arising out of the Contract between RAC and 225 Baronne, and Franks Construction's subcontract. Franks Construction demonstrates connexity in that any judgment on the Petition to Enforce Lien may directly impact Franks Construction's ability to recover damages for outstanding monies allegedly owed on the Project, including damages for pass-through claims. However, notwithstanding that Franks Construction may meet the criteria to intervene, the issue before us is whether Franks Construction has a right of action to intervene. We answer that inquiry in the negative.
Clearly, two different laws apply to this dispute- La. R.S. 9:4802 and La. C.C.P. art. 1091. Where there is a conflict of laws, Louisiana courts apply La. C.C. art. 13 to resolve the conflict.[11] Thus, we shall apply Article 13 to determine whether the intervention rights afforded by La. C.C.P. art. 1091 or the rights of subcontractors and owners conferred by La. R.S. 9:4802 control whether Franks Construction has a right of action to intervene.
In Pumphrey v. City of New Orleans , the Louisiana Supreme Court espoused the following:
La. Civ.Code art. 13 provides, where two statutes deal with the same subject matter, they should be harmonized if possible.
*501 Kennedy v. Kennedy , [19]96-0732, [19]96-0741 at 699 So.2d at 358 (on rehearing). However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Kennedy , [19]96-0732, [19]96-0741 at p. 2, 699 So.2d at 358.
2005-0979, pp. 11-12 (La. 4/4/06), 925 So.2d 1202, 1210. Therefore, "[a]s a general rule of statutory construction, a specific statute controls over a broader, more general statute." Channelside Services, LLC v. Chrysochoos Group, Inc. , 2015-0064, p. 17 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 761.
Channelside Services considered whether the specific provisions of the Louisiana Limited Liability Act ("LLA") or the general discovery rules enunciated in La. C.C.P. arts. 1421 through 1472 and La. C.C.P. art. 2451[12] -the judgment debtor examination statute-controlled a judgment creditor's right to obtain certain financial documents from a limited liability company in which the debtor had a membership interest. The debtor, Chrysochoos Group, Inc. ("CGI"), owned a fifty percent membership interest in JTMC Enterprises, LLC ("JTMC"), a limited liability company. Channelside, the judgment creditor, obtained a "charging order" against JTMC for payment of the unsatisfied amount of Channelside's judgment against CGI. Channelside issued a notice of records deposition and subpoena duces tecum to JTMC for the production of various business and financial records. When the documents were not produced, Channelside filed a motion to compel their production and JTMC filed a motion to quash. In support of its motion to compel, Channelside maintained that the requested discovery was needed to enforce the charging order and Channelside's judgment against CGI. In support of its motion to quash, JTMC contended that certain provisions within the LLA expressly restrict the rights of a judgment creditor to inspect the books and records of a member of a LLC. The district court partially granted and partially denied the motion to compel and the motion to quash, ordering JTMC to submit any evidence of indebtedness by JTMC to CGI for an in camera inspection. Both parties appealed.
On appeal, the Channelside Court balanced the rights of the judgment creditor to obtain information allowed by our discovery and judgment debtor statutes against the rights afforded to JTMC under La. R.S. 12:1301, et seq. , of the LLA. The Court noted that Channelside was not a member of the LLC; and as such, found that "[a]ccording to the language of La. R.S. 12:1319, the right to obtain and inspect the LLC's records is reserved to members of the LLC." 2015-0064, p. 15, 194 So.3d at 760. In reversing the partial denial of JTMC's motion to quash and amending the judgment to wholly deny Channelside's motion to compel, the Court opined:
As a general rule of statutory construction, a specific statute controls over a broader, more general statute. See *502 Capital City Press, L.L.C. v. La. State Univ. System Bd. Of Sup'rs , [20]13-2000, [20]13-2001 pp. 12-13 (La. 12/30/14), 168 So.3d 727, 737 (citing Burge v. State , [20]10-2229 (La. 2/11/11), 54 So.3d 1110, 1113 ). Thus, "when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." Id. ; see State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCS142XL25052929 , [19]94-0639, pp. 3-4 (La. 11/30/94), 646 So.2d 492, 494-95. Accordingly, we find that the specific provisions of the Louisiana LLC Act are controlling in this case over the more general statutory provisions governing discovery and the examination of judgment debtors and third parties.
2015-0064, pp. 17-18, 194 So.3d at 761.
In City of New Orleans v. Louisiana Assessors' Ret. & Relief Fund , the Supreme Court further expounded on the construction courts should give to statutes as follows:
A statute cannot be interpreted by review of select portions of the statutory scheme. All the words must be read together. As we have repeatedly cautioned, the meaning and intent of a law must be determined by a consideration of the law in its entirety. Moss [v. State], [20]05-1963 at [p.] 15 [ (La.4/4/06) ], 925 So.2d [1185] at 1196 ; Sultana Corporation[v. Jewelers Mut. Ins. Co.], [20]03-0360 at [p.] 4(La.12/3/03), 860 So.2d [1112] at 1116 ; Succession of Boyter, [19] 99-0761, p. 9 (La. 1/7/00), 756 So.2d 1122, 1129. Moreover, in construing statutes, "courts must endeavor to give an interpretation that will give them effectiveness and purpose, rather than one which makes them meaningless." State v. Cunningham , [20]04-0220, pp. 8-9 (La. 6/13/05), 903 So.2d 1110, 1116. State v. Union Tank Car Company , 439 So.2d 377, 382 (La. 1983).
2005-2548, p. 22 (La. 10/1/07), 986 So.2d 1, 18.
In the case sub judice , applying the precepts as discussed in Channelside and Louisiana Assessors , we reach the same result-the specific statutory provisions of La. R.S. 9:4802 prevail over the broader, more general intervention statutes to deprive Franks Construction of a right of action against 225 Baronne.
Franks Construction also argues that La. R.S. 9:4802(C) only confers upon the owner an affirmative defense. As an "affirmative defense," Franks Construction maintains that La. R.S. 9:4802(C) does not automatically proscribe a subcontractor from intervening in an action against the owner. This Court finds no judicial or statutory support for Franks Construction's position that La. R.S. 9:4802(C) bestows on the owner only an affirmative defense.
A statute is a legislatively created law. BLACK'S LAW DICTIONARY (6th ed. 1990). The enactment of a statute is a solemn expression of legislative will. Louisiana Assessors', 2005-2548, p. 20, 986 So.2d at 16. See also La. C.C. art. 2.[13] The legislature enacted the LPWA to provide a mechanism for contractors to recover the costs of labor and other materials from a party with whom there is no contract. See Bradley Elec. Services, Inc.v. 2601, L.L.C. , 2011-0627, p. 2 (La. App. 4 Cir. 12/14/11), 82 So.3d 1242, 1243. La. R.S. 9:4802(A) imposes liability on owners for claims arising out of the performance of work under the contract; and La. R.S. 9:4802(C) expressly creates an "escape hatch" that relieves an owner of liability when an owner complies with its provisions. See *503 Newt Brown, Contractor, Inc. v. Michael Builders, Inc. , 569 So.2d 288, 290 (La. App. 2d Cir. 1990). In interpreting La. R.S. 9:4802(C), established jurisprudence has found that where a notice of contract and bond has been timely filed and properly recorded, such as in the present matter, an owner can avoid personal liability to subcontractors; and the subcontractors' rights are "restricted to [a set amount] against the surety company plus whatever contractual privity rights they may have against the general contractor." Jefferson Door Company, Inc. v. Forman Construction, Inc. , 2002-0941, pp. 5-6 (La. App. 5 Cir. 12/30/02), 836 So.2d 552, 555.
Thus, in the case sub judice , Franks Construction's right to assert an action against 225 Baronne was extinguished once the Bond was furnished and notice of the Contract was filed as delineated in La. R.S. 9:4802(C). Moreover, when we examine the specific reasons the Legislature enacted the LPWA-to delineate and protect the rights and remedies available to parties who engage in construction projects-to provide Franks Construction with a right of action to intervene in the Petition to Enforce Lien would render La. R.S. 9:4802(C) meaningless. It would defeat the legislation's purpose "not only to protect those who furnish the services, labor, or material for the construction of the property for the owner when he fails to comply with the mandates of the law, but also to protect the owners when they comply with the Act's provisions." Flournoy Const. Co., L.L.C. v. Slidella, L.L.C. , No. 04-3098, 2005 WL 1400405, at* 2 (E.D. La. June 9, 2005) (unpub).
Accordingly, the district court did not err in finding that Franks Construction did not have a right of action to intervene in the Petition to Enforce Lien.
Right to Amend
Franks Construction, relying on La. C.C.P. art. 934,[14] argues the district court should have given it the opportunity to amend to remove the grounds for the Exception before dismissing its Intervention with prejudice. The right to amend, however, is not absolute. Smith v. State Farm Ins. Companies , 2003-1580, p. 6 (La. App. 4 Cir. 3/3/04), 869 So.2d 909, 913. While article 934 provides that a judgment sustaining a peremptory exception should permit amendment to the petition when the grounds for the exception can be removed by amendment, amendment is not permitted when it would constitute a vain and useless act. Doe v. Entergy Services, Inc. , 608 So.2d 684, 687 (La. App. 4 Cir. 1992). Here, the district court granted the Exception on the ground that La. R.S. 9:4802(C) afforded Franks Construction no liability action against 225 Baronne once the Bond was furnished, maintained and properly filed in accordance with the statute. Franks Construction cites no facts it could plead in an amended petition that would cure or remove the grounds for granting the Exception. Therefore, amendment would be a vain and useless act.
CONCLUSION
Upon our de novo review, the district court properly applied the law. Pursuant to La. R.S. 9:4802(C) and our general rules of statutory construction, Franks Construction does not have a right of action to intervene in the Petition to Enforce Lien. Accordingly, the judgment of the district court is affirmed.
AFFIRMED

RAC also filed an Amended Petition to Enforce Lien and For Damages. This opinion shall collectively reference the Petition to Enforce Lien and the Amended Petition to Enforce Lien and For Damages as the "Petition to Enforce Lien."

Franks Construction sub-subcontracted some of its work with Coryell County Tradesmen, L.L.C. ("CCT").

RAC alleged it was owed the principal sum of $15,401,300.00.

La. C.C.P. art. 1091 provides:
A third party having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.

Franks Construction itemized its total damages as follows:
Unpaid Contract Balance $ 742,353.00 Discrete Change Order Requests $ 495,034.00 Incremental RFC Management Costs $ 167,737.00 Incremental CCT Management Costs $ 586,061.00 Incremental CCT Craft Labor Costs $5,937,153.00 Incremental RFC Financing Costs $ 444,291.00 _____________ Total Damages $8,372,629.00

"Pass-through" claims have been described as damage claims that subcontractors pass through to the contractor to prosecute an action against the project owner to recover those damages. See Jeremy Baker, Pass-Through Claims in Construction Litigation (May 29, 2007), https://www.internationallawoffice.com/.

La. R.S. 9:4812(A) provides:
To be entitled to the benefits of the provisions of R.S. 9:4802(C), every owner shall require a general contractor to furnish and maintain a bond of a solvent, legal surety for the work to be performed under the contract. The bond shall be attached to the notice of the contract when it is filed.

La. R.S. 9:4802 provides in pertinent part:
A. The following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of the performance of work under the contract:
(1) Subcontractors for the price of their work.
* * *
C. The owner is relieved of the claims against him and the privileges securing them when the claims arise from the performance of a contract by a general contractor for whom a bond is given and maintained as required by R.S. 9:4812 and when notice of the contract with the bond attached is properly and timely filed as required by R.S. 9:4811.

225 Baronne referenced the December 2016 arbitration claim Franks Construction filed against RAC. It also averred that Franks had filed an action against the Bond in the matter of Ronald Franks Construction Company, LLC v. Travelers Casualty and Surety of America , Civil District Court for the Parish of Orleans, Case No. 2016-1139, which was removed to the United States District Court for the Eastern District of Louisiana as Case No. 2017-cv-00309 on January 11, 2017.

See Mecom v. Mueller , 235 So.2d 597, 599 (La. App. 4th Cir. 1970) (where the Fourth Circuit took judicial notice that the public records reflected the parties had consummated a property sale); see also Tinney v. Lauve , 280 So.2d 588, 590 (La. App. 4th Cir. 1973) (where the Fourth Circuit found defendants' objection to the trial court's search of the public records of the parish lacked merit, noting that "[a] trial court may take judicial notice of the public conveyance records over which it has jurisdiction").

La. C.C. art. 13 provides: "Laws on the same subject matter must be interpreted in reference to each other."

La. C.C.P. art. 2451 provides the following:
A. In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456.
B. In aid of execution of the judgment, the judgment creditor may also examine any person upon any matter relating to the judgment debtor's property, as provided in Articles 1421 through 1474.

La. C.C. art. 2 provides: "[l]egislation is a a solemn expression of legislative will."

La. C.C.P. art. 934 provides: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment with the delay allowed by the court."