JAMES J. HARTMAN, JR.

VERSUS

ST. BERNARD PARISH FIRE
DEPARTMENT & FARA

* NO. 2020-CA-0103

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 17-01951  C\W 17-01954, 17-01956, DISTRICT "SEVEN"
Honorable Shannon Bruno Bishop, Workers Compensation Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Paula A. Brown)

Frank A. Bruno
FRANK A. BRUNO, APLC
807 Howard Avenue
New Orleans, LA 70113

    COUNSEL FOR PLAINTIFF/APPELLANT


Richard Lee Seelman
Wayne J. Fontana
Shannon Michele Frese
ROEDEL PARSONS KOCH BLACHE BALHOFF & MCCOLLISTER
1515 Poydras Street, Suite 2330
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**May 20, 2020**

*TFL, DLD, PAB*

This is a workers' compensation dispute regarding the conditions imposed by La. R.S. 23:1221(4)(p) to receive permanent partial disability benefits for a hearing loss.  Appellant, James Hartman, Jr., filed a claim seeking permanent partial disability benefits for a permanent hearing loss incurred as a result of repeated exposure to high noise levels arising out of his occupation as a fireman with the St. Bernard Parish Fire Department.  Mr. Hartman appeals the Office of Workers' Compensation judgment denying him permanent partial disability benefits.  The Office of Workers' Compensation judge found that Mr. Hartman sustained a cumulative hearing loss and that La. R.S. 23:1221(4)(p) only provides benefits for permanent hearing losses resulting solely from a single traumatic accident.  Finding no legal error, we affirm the judgment.

**FACTUAL/PROCEDURAL HISTORY**

Mr. Hartman has worked as a fireman with the St. Bernard Parish Fire Department ("Fire Department") since May 5, 1990.  His work exposed him to high noise levels, which caused him to undergo audiograms on January 24, 2008, April 10, 2014, March 1, 2017, and September 27, 2017.  The audiograms showed increasing levels of hearing loss.  The March 1, 2017 and September 27, 2017 audiograms revealed a 42.2% binaural hearing loss.  Although Mr. Hartman continued to work,[1] on March 31, 2017, he filed a formal claim under La. R.S. 23:1221(4)(p) to obtain permanent partial disability benefits for his hearing loss.

_____

[1] Mr. Hartman is currently a Fire Chief with the Fire Department.

1

The Fire Department disputed Mr. Hartman's claim for permanent partial disability benefits, arguing, in part, that the language of R.S. 23:1221(4)(p) did not permit recovery for Mr. Hartman's cumulative hearing loss. The matter was fixed for trial on October 28, 2019. The parties entered stipulations and agreed to submit the matter on briefs. Relevant stipulations included the following:

1. Claimant, James Hartman ("Claimant"), has been employed by the St. Bernard Parish Fire Department ("Fire Department") since May 25, 1990 (5/25/90). He was exposed to injurious noise during his tenure with the Department and is presently a District Chief.

2. Claimant has never been disabled from employment with the Fire Department from his date of hire to present.

3. Claimant filed 1008s for an occupational disease claim on March 31, 2017, seeking permanent partial disability benefits (PPD) for hearing loss pursuant to La. R.S. 23:1221(4)(p).

4. Date employer advised of hearing loss: September 20, 2006. Claimant underwent audiograms on the following dates: January 24, 2008, April 10, 2014, March 1, 2017 and September 27, 2017. Each test showed a gradual increase of hearing loss due to noise exposure. The last test performed by Dr. Bode on September 27, 2017 shows a 42.2% binaural hearing loss. Dr. Bode stated that the repeated exposure from loud noises for extended periods of time (1990-2017) was likely a contributing factor to Claimant's bilateral sensorineural hearing loss. (Br. Bode's audiogram reports are attached as Exhibit "A.").

. . .

9. The current versions of La. R.S. 23:1021(1), La. R.S. 23:1221(4)(p), and La. R.S. 23:1031(B) and (E) are the only versions of those statutes applying to this case given the Claimant's date of employment with the Fire Department.

On December 10, 2019, the Office of Workers' Compensation ("OWC") judge denied Mr. Hartman's claim. In the court's reasons for judgment, the OWC judge opined:

Upon reviewing the medical evidence and medical testimony, the Court concludes that Claimant's hearing loss is a cumulative loss not covered under La. R.S. 23:1221(4)(p) which provides benefits to an

2

employee who suffers a hearing loss *solely due to a single traumatic accident* (emphasis added).

This appeal followed.

**LAW/DISCUSSION**

Mr. Hartman raises two assignments of error: (1) the OWC judge erred in failing to award him scheduled permanent partial disability benefits pursuant to R.S. 23:1221(4)(p); and (2) the OWC judge erred by failing to award attorney's fees and penalties due to the Fire Department's failure to pay indemnity benefits.

*Standard of Review*

In the case *sub judice*, the facts are not in dispute. The parties agree that Mr. Hartman's repeated exposure to high noise level as a fireman contributed to his 42.2% binaural hearing loss and that the hearing loss did not cause Mr. Hartman to miss time from work. Accordingly, whether the OWC judge erred in finding R.S. 23:1221(4)(p) excluded permanent partial disability benefits for Mr. Hartman's hearing loss presents a question of law. Questions of law, such as the proper interpretation of a workers' compensation statute, mandate a *de novo* standard of review to determine if the trial court's judgment was legally correct. *See Gaines v. Home Care Solutions, LLC*, 2015-0895, p. 9 (La. App. 4 Cir. 4/6/16), 192 So.3d 794, 801 (citations omitted).

*La. R.S. 23:1221(4)(p)/ Conditions For Permanent Hearing Loss Benefits*

La. R.S. 23:1221(4)(p) provides, in relevant part, the following:

(4) **Permanent Partial disability.** In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:

. . .

(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or

3

suffers a permanent hearing loss solely due to a single traumatic accident . . ., compensation not to exceed sixty-six and two-thirds percent of wages not to exceed 100 weeks may be awarded. . . .

Mr. Hartman primarily relies on *Arrant v. Graphic Packaging International, Inc.*, 2013-2878, 2013-2981 (La. 5/15/15), 169 So.3d 296 to support his argument that his hearing loss is compensable under R.S. 23:1221(4)(p). In *Arrant*, the plaintiffs-employees brought a negligence action against their employer seeking damages for noise-induced hearing losses. The employer countered it had statutory immunity from tort actions because the alleged hearing losses arose out of the course and scope of the plaintiffs' employment. The Supreme Court decided that the employees' gradual, noise-induced hearing losses constituted both an injury by accident and an occupational disease under the Louisiana Workers' Compensation Act ("LWCA"). *Arrant*, 2013-2878, 2013-2981, pp. 19-20, 169 So.3d at 308. The *Arrant* Court reasoned that even though the impact of the noise only gradually became effective over time, with repeated exposure, the excessive noise was a traumatic injury to the ear. *Arrant*, 2013-2878, 2013-2981, p. 18, 169 So.3d at 307-08. We agree with Mr. Hartman that *Arrant* conclusively established that work-related gradual hearing loss claims may be compensable under the LWCA. However, *Arrant* made no affirmative finding that gradual hearing losses are specifically compensable under R.S. 23:1221(4)(p). Indeed, notwithstanding the potential compensability of any work-related accident and injury, the employer's mandate to pay workers' compensation indemnity benefits is limited to those employees who meet the statutory conditions imposed by the LWCA. *See*

4

La. R.S. 23:1031(A).[2]   In order to be entitled to indemnity benefits, the employee has the burden of proof to show he meets these conditions.  *See Gaines*, 2015-0895, p. 10, 192 So.3d at 801-02.

The LWCA provides three other categories of benefits-temporary total, permanent total, and supplemental earnings benefits ("SEB")-in addition to permanent partial disability benefits.[3]   Here, Mr. Hartman did not meet the eligibility requirements to receive temporary total, permanent total, or SEB indemnity payments because, as stipulated, he continued to work and did not suffer a wage loss.  Accordingly, he sought permanent partial disability benefits under R.S. 23:1221(4)(p).  As referenced, *infra*, that statute expressly authorizes benefits to an employee who "suffers a permanent hearing loss solely due to a single traumatic incident."  Mr. Hartman argues that the statute should be interpreted to find that he meets these criteria because he suffered a series of single traumatic

---

[2] La. R.S. 23:1031(A) states: "[i]f an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, **on the conditions**, and to the person or persons hereinafter designated." (Emphasis added).

[3] La. R.S. 23:1221 provides, in pertinent part, that "[c]ompensation shall be paid under this Chapter in the accordance with the following schedule of payments:"

> (1) Temporary total.
>
> (a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages . . .
>
> \*\*\*
>
> (2) Permanent total.
>
> (a) For any injury producing permanent total disability of an employee to engage in any employment or occupation for wages . . .
>
> \*\*\*
>
> (3) Supplemental earnings benefits.
>
> (a)(i) For injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at time of injury . . .

accidents. He further asserts that the failure of the OWC judge to apply his interpretation of the statue impermissibly deprived Mr. Hartman of a remedy and equal protection under the Louisiana constitution. We disagree.

"The enactment of a statute is a solemn expression of legislative will." *Roy Anderson Corporation v. 225 Baronne Complex, L.L.C.*, 2017-1005, p. 13 (La. App. 4 Cir. 7/11/18), 251 So.3d 493, 502, *writ denied* 2018-1334 (La. 11/5/18), 255 So.3d 1049. *See also* La. C.C. art. 2.[4] The starting point in the interpretation of any statute begins with the language of the statute itself. *Arrant*, 2013-2878, 2013-2981, p. 6, 169 So.3d at 300. A fundamental question in cases of statutory interpretation is legislative intent. *Commodore v. City of New Orleans*, 2019-0127, p. 13 (La. App. 4 Cir. 6/2/0/19), 275 So.3d 457, 469. In this matter, the parties stipulate that the current version of R.S. 23:1221(4), which went into effect on January 1, 1986, applies to this claim. Prior to its amendment, R.S 23:1221(4) provided, in pertinent part, that "[i]n cases not falling within any of the provisions already made . . . where the usefulness of a physical function is seriously impaired, the court may allow compensation as is reasonable . . . " *See* La. R.S. 23:1221(4)(p) 1982. Consequently, the Legislature clearly restricted the scope of permanent partial disability benefits when it amended R.S. 23:1221(4)(p) to include language expressly delineating compensability for permanent hearing losses to losses solely caused by a single traumatic accident.

"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature." La. C.C. art. 9. We find the language of R.S 23:1221(4)(p) restricting permanent partial

[4] La. C. C. art. 2 provides that "[l]egislation is a solemn expression of legislative will."

6

disability payments to hearing losses resulting solely from a single traumatic accident is clear and unambiguous. Uneqivocable statutory provisions are not subject to judicial construction and should be applied to give words their generally understood meanings. *See Snowton v. Sewerage and Water Board*, 2008-399, pp. 5-6 (La. 3/17/09), 6 So.3d 164, 168; *see also* La. C.C. art. 11.[5] "What the law ought to be is not a juristic question, but is a matter which addresses itself solely to the Legislature of the State." *Crowley v. GoAuto Insurance Company*, 2019-0643, pp. 10-11 (La. App. 4 Cir. 11/27/19), 286 So.3d 466, 473-74 (citing *Carpenter v. Metropolitan Life Insurance Company*, 182 La. 813, 820, 162 So. 630, 632 (1935)). The Legislature fixes public policy in its enactments of statues. *Id.*, 2019-0643, p. 10, 286 So.3d at 473. Hence, this Court cannot apply a more expansive interpretation to the conditions the Legislature enacted for receipt of permanent partial disability benefits resulting from permanent hearing losses. Therefore, pursuant to the statute's clear provisions, Mr. Hartman's arguments that R.S. 23:1221(4)(p) extends permanent partial disability benefits to hearing losses arising out of a series of single accidents and that the OWC judge unconstitutionally deprived him of a remedy lack merit.

The medical report of Dr. Daniel Bode, Mr. Hartman's audiologist, concluded that, "Mr. Hartman's repeated exposure to loud noises for extended periods of time (1990-2017) is likely a contributing factor in his bilateral sensorineural hearing loss." Thus, the medical evidence established that Mr. Hartman's permanent hearing loss did not result solely from a single traumatic accident. Mr. Hartman failed to meet his burden of proof to satisfy the statutory

---

[5] La. C.C. art. 11 provides, in pertinent part, that "[t]he words of a law must be given their generally prevailing meaning."

conditions required for recovery. Based on our *de novo* review, we find no error in the judgment denying Mr. Hartman permanent partial disability benefits pursuant to R.S. 23:1221(4)(p) for his hearing loss.

**CONCLUSION**

Considering the foregoing reasons, we affirm the judgment.[6]

**AFFIRMED**

---

[6] Having found that the OWC judge did not err in denying Mr. Hartman permanent partial disability benefits pursuant to R.S. 23:1221(4)(p), we pretermit discussion of Mr. Hartman's request for this Court to award penalties and attorney's fees