**ROY ANDERSON CORP.**     *     **NO. 2022-CA-0784**

**VERSUS**     *

           **COURT OF APPEAL**

**225 BARONNE COMPLEX,**     *
**L.L.C.**            **FOURTH CIRCUIT**

           *

           **STATE OF LOUISIANA**

        * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-12444, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

***LEDET, J., CONCURS WITH REASONS***

William L. Kohler
KOHLER CONSTRUCTION LAW, APLC
110 Veterans Boulevard, Suite 100A
Metairie, LA 70005

      COUNSEL FOR INTERVENOR/APPELLANT

Lloyd N. Shields
Allison R. Colon
IRWIN FRITCHIE URQUART & MOORE, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Mark W. Frilot
Nicholas R. Pitre
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471

COUNSEL FOR DEFENDANT/APPELLEE

           **AFFIRMED**
           **April 11, 2023**

4899927

Ronald Franks Construction Company, L.L.C. appeals the trial court's denial of its Motion for Leave to File Petition for Intervention and Damages. After reviewing the record, we affirm the trial court's ruling.

**Relevant Facts and Procedural History**

This case involves a dispute arising from a construction project (herein the "Project") to convert an existing high-rise building into a mixed-use development. Appellee, 225 Baronne Complex, L.L.C. (herein "225 Baronne") is the owner of the Project. 225 Baronne hired Appellee, Roy Anderson Corporation (herein "RAC"), as the general contractor for the Project. In turn, RAC hired Appellant, Ronald Franks Construction Company, L.L.C. (herein "Franks Construction"), as a subcontractor to furnish labor and materials for the Project. Multiple issues arose between the parties during the construction of the Project. Of note for purposes of this appeal, Franks Construction alleges that it is owed damages because RAC interfered with the performance of its work, thereby increasing the cost of its performance (herein the "Disruption Claim").

On December 15, 2016, Franks Construction initiated arbitration proceedings against RAC, seeking disruption damages as well as monetary

1

compensation under the terms of its subcontract. On December 21, 2016, RAC filed a Petition to Enforce Lien and For Damages against 225 Baronne. Franks Construction subsequently sought to intervene against both RAC and 225 Baronne, asserting that it had an interest in the suit to the extent it was entitled to compensation for any pass-through claims[1] RAC asserted against 225 Baronne for work performed by Franks Construction. RAC did not oppose the intervention. 225 Baronne filed an exception of no right of action in response, and the trial court granted 225 Baronne's exception, dismissing RAC's intervention with prejudice. Franks Construction appealed, and we affirmed the trial court's judgment, specifically finding that Franks Construction did not have a right to assert an action against 225 Baronne. *See Roy Anderson Corp. v. 225 Baronne Complex, L.LC.*, 2017-1005 (La. App. 4 Cir. 7/11/18), 251 So. 3d 493. We did not address whether Franks Construction could intervene against RAC.

On February 22, 2019, RAC filed a Third Amended, Supplemental and Restated Petition in this case, officially asserting Franks Construction's Disruption Claim as a pass-through claim against 225 Baronne. On October 8, 2021, the Arbitration Panel in the proceeding between Franks Construction and RAC issued an interim award. While the award disposed of some of the claims between the two parties, the Arbitration Panel determined that it lacked jurisdiction over Franks Construction's claims for certain disruption damages because of 225 Baronne's involvement in those claims. The Arbitration Panel ruled that Franks Construction's recovery on those claims "must be determined in the CDC

---

[1] As noted in our previous opinion, "pass-through" claims are damage claims that subcontractors pass through to the contractor to prosecute an action against the project owner to recover those damages. *Roy Anderson Corp v. 225 Baronne Complex L.L.C..*, 2017-1005, p. 3 (La. App. 4 Cir. 7/11/18), 251 So. 3d 493, 497, fn. 6 (citing Jeremy Baker, *Pass-Through Claims in Construction Litigation* (May 29, 2007), https://www.internationallawoffice.com/).

Litigation pending between RAC and [225 Baronne]." The Arbitration Panel stayed any further arbitration proceedings until the litigation between RAC and 225 Baronne has concluded.

Thereafter, on May 27, 2022, Franks Construction once again sought to intervene in this case.[2] Both RAC and 225 Baronne opposed the intervention. The trial court heard the matter on July 15, 2022 and denied Franks Construction's request to intervene. The trial court signed the judgment on August 8, 2022, and this appeal followed.

## Standard of Review

After an answer has been filed in a suit, a third party may petition the court to intervene. *Charia v. Allstate Ins. Co.*, 1993-1230 (La. App. 4 Cir. 3/29/1994), 635 So. 2d 370, 372 (citing La. C.C.P. art. 1033). "A [trial] court has broad discretion in deciding whether to allow an intervention after the answer to the principal demand has been filed." *Id*. An appellate court reviews a trial court's ruling on an intervention for abuse of discretion. *St. Bernard I, LLC v. Williams*, 2012-0372, p. 10 (La. App. 4 Cir. 3/13/13), 112 So. 3d 922, 929.

## Assignment of Error

Franks Construction's sole assignment of error on appeal is that the trial court erred in denying its motion to intervene. In its brief, Franks Construction presents this Court with nine issues to be reviewed, all of which are questions that arise from the trial court's determinations in its written reasons for judgment. However, it is well-settled in the jurisprudence that appellate courts review

---

[2] Franks Construction had originally filed a Petition for Intervention and Damages on May 6, 2022. However, the petition did not contain a motion for leave. Therefore, on May 27, 2022, Franks Construction filed a Motion to Withdraw its previously filed petition along with a Motion for Leave to File Petition for Intervention with a new Petition for Intervention.

3

judgments, not reasons for judgment. *Wooley v. Lucksinger*, 2009-0571, p. 77 (La. 4/01/11), 61 So. 3d 507, 572 (quoting *Bellard v. American Cent. Ins. Co.*, 2007-1335, p. 25 (La. 4/18/08), 980 So. 2d 654, 671). The written reasons are not a part of the judgment and do not affect the final judgment being appealed. *Id*.

The first two issues Franks Construction raises are (1) whether it met the criteria for intervention under Code of Civil Procedure article 1091 and (2) whether the trial court abused its discretion in denying the motion to intervene. As these two issues are dispositive, we limit our review to those questions.

## **Discussion**

A third party with an interest in a pending action may intervene in that action by either (1) joining with the plaintiff in the original action in order to demand the same or similar relief, (2) joining with the defendant in the original action to resist the plaintiff's demand for relief, or (3) opposing both the plaintiff and defendant in the original action. La. C.C.P. art. 1091. The jurisprudence holds that an intervention should be allowed if a justiciable right exists and the justiciable right has a connexity with the facts, circumstances, and objects of the main demand. *Roy Anderson Corp.*, 2017-01005, p. 8, 251 So. 3d at 500 (citing *Harrison v. Gaylord's Nat'l Corp.*, 539 So. 2d 909, 910 (La. App. 4th Cir. 1989)). A justiciable right is the right of the intervenor "to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." *Amoco Production Co. v. Columbia Gas Transmission Corp.*, 455 So. 2d 1260, 1264 (La. App. 4th Cir. 1984).

Franks Construction's intervention does not fall under any of the categories listed under La. C.C.P. art. 1091. Franks Construction does not seek to join with RAC to demand relief from 225 Baronne. Franks Construction does not seek to

4

join with 225 Baronne to defend against RAC's claims. Finally, Franks Construction does not seek to oppose both RAC and 225 Baronne.[3] To the contrary, Franks Construction seeks to add a direct claim solely against RAC. Franks Construction admits in its brief that its petition for intervention "seeks a recovery from RAC, for RAC's independent liability for Franks' damages." Franks Construction does not have a justiciable right because it does not seek to join in the original action of the suit but rather raises a separate cause of action. Therefore, Franks Construction does not meet the requisite criteria to intervene in this action, and the trial court did not abuse its discretion in denying the motion to intervene.

Franks Construction argues in its brief that it has the requisite connexity to intervene in this case. Franks Construction relies on the finding of this Court in the first appeal, wherein we stated in dicta that Franks Construction demonstrated connexity and *may* meet the criteria to intervene. *See Roy Anderson Corp.*, 2017-1005, p. 9, 251 So. 3d at 500 (emphasis added). However, the only issue we resolved in that appeal was whether Franks Construction had a right to assert an action against 225 Baronne and intervene in the case. *Id*. ("However, notwithstanding that Franks Construction may meet the criteria to intervene, the issue before us is whether Franks Construction has a right of action to intervene. We answer that inquiry in the negative.") At that time, we did not analyze the requirements of La. C.C.P. art. 1091 or reach a final decision on the merits of the intervention. An intervenor must have both a justiciable right and connexity in order to intervene. *Amoco Production Co.*, 455 So. 2d at 1264 ("If that right does exist, then, in order to intervene it must be so related or connected to the facts or

---

[3] We previously noted that Franks Construction's right to assert an action against 225 Baronne was extinguished when 225 Baronne furnished a bond in accordance with La. R.S. 9:4802(C). *Roy Anderson Corp.*, 2017-1005, p. 13, 251 So. 3d at 503.

5

object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights."). As noted above, Franks Construction does not have a justiciable right to intervene in this case. As such, it does not have the requisite connexity.

## **<u>Decree</u>**

For the foregoing reasons, we affirm the trial court's August 8, 2022 judgment denying Franks Construction's Motion for Leave to File Petition for Intervention and Damages.