THE COUNCIL OF THE CITY          *        NO. 2022-CA-0790
OF NEW ORLEANS

                                 *        COURT OF APPEAL
VERSUS

                                 *        FOURTH CIRCUIT
EDWARD WISNER
DONATION, THE                    *        STATE OF LOUISIANA
HONORABLE MAYOR
LATOYA CANTRELL, IN HER   * * * * * * *
OFFICIAL CAPACITY AND AS
TRUSTEE, MICHAEL
PENEGUY, SENATOR EDWIN
MURRAY, MAJOR CHRIS
THORNHILL AND PATRICK
NORTON

CONSOLIDATED WITH:                        CONSOLIDATED WITH:

THE COUNCIL OF THE CITY OF NEW            NO. 2022-CA-0791
ORLEANS

VERSUS

EDWARD WISNER DONATION, THE
HONORABLE MAYOR LATOYA
CANTRELL, IN HER OFFICIAL
CAPACITY AND AS TRUSTEE, MICHAEL
PENEGUY, SENATOR EDWIN MURRAY,
MAJOR CHRIS THORNHILL AND
PATRICK NORTON

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-06765, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
ON APPLICATION FOR REHEARING

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

**LOBRANO, J., CONCURS IN THE DENIAL OF RELIEF ON REHEARING**

Judy Y. Barrasso
Shaun P. McFall
Robert A. Waldrup
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, LLC
909 Poydras Street, Suite 2350
New Orleans, LA 70112
Justin B. Schmidt

LAW OFFICE OF JUSTIN B. SCHMIDT, LLC
1506 7th Street
New Orleans, LA 70115

COUNSEL FOR PLAINTIFF/APPELLEE

Robert L. Redfearn, Jr.
M. Claire Durio
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street
3000 Energy Centre
New Orleans, LA 70163-3000

COUNSEL FOR DEFENDANTS/APPELLANTS

Terrence Kent Knister
Daniel Lund
John Y. Pearce
R. Ethan Zubic
Katherine E. Clark
GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM,
DUPLANTIS, & EAGAN, LLC
201 St. Charles Avenue
40th Floor
New Orleans, LA 70170-4000

COUNSEL FOR DEFENDANTS/APPELLANTS –
PLAINTIFF/APPELLEE

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL
OPINION AFFIRMED
JULY 13, 2023**

SCJ
RML

We grant appellee, the City Council of New Orleans' ("City Council") application for rehearing for the limited purpose of addressing its argument that this Court committed several procedural errors and erred by failing to allow the City Council the opportunity to cure the objections identified in the dilatory exception before dismissal.

Following this Court's June 9, 2023 decision, the City Council filed an application for rehearing, seeking reconsideration of our decision. The City Council argues that its claims against the Mayor should not have been dismissed, the Court's decision is inconsistent with custom and the Home Rule Charter, and the Court erred by dismissing the Council's petition with prejudice.

First, we note that "[c]ustom may not abrogate legislation." La. C.C. art. 3. As provided in our original opinion, the Home Rule Charter reveals that the City Council is not a separate and independent agency from the City of New Orleans, and it does not grant the City Council the authority to institute a suit on its own behalf.

1

The City Council fails to consider that it is not a juridical person and an amendment to its petition will not cure the defect of lack of procedural capacity. La. C.C.P. art 933(B) provides when the grounds (other than prematurity) "pleaded in the dilatory exception may be removed by amendment of the petition . . . the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order." *RJANO Holdings, Inc. v. Phelps Dunbar, LLP*, 2022-0058, p. 22 (La. App. 4 Cir. 9/21/22), 2022 WL 4363945, *12, *writ denied*, 2022-01730 (La. 2/14/23), 355 So.3d 616. However, the right to amend is not absolute. *Smith v. Barial*, 2018-0573, p. 8 (La. App. 4 Cir. 12/19/18), 318 So.3d 801, 808, (citing *Roy Anderson Corporation v. 225 Baronne Complex*, L.L.C., 2017-1005, p. 14 (La. App. 4 Cir. 7/11/18), 251 So.3d 493, 503. "When the grounds for sustaining the exception cannot be removed, amendment is not permitted when it would constitute a vain and useless act." *Id*.

Next, the City Council argues that it can "cure the supposed lack of procedural capacity here by adding individual council members." The City Council further provides that it has taken steps to cure the deficiency by passing a resolution authorizing Council President JP Morrell and Council Vice President Helena Moreno, in their official and individual capacities, to intervene and pursue the Council's claims in the instant and any other related litigation. Amending a petition to individualize Council members in their representative capacities will not

2

cure the defect, as the City Council is not a separate and independent agency from the City of New Orleans. *See City Council of City of Lafayette v. Bowen*, 94-584 (La. App. 3 Cir. 11/2/94), 649 So.2d 611. Further, a newly added plaintiff cannot appear in a case in which the original plaintiff had no right to assert a claim. *Taylor v. Babin*, 2008-2063, p. 16 (La. App. 1 Cir. 5/8/09), 13 So.3d 633, 643-44. "A pleading which abandons the original plaintiff and class and asserts new claims upon which the original plaintiff and class could not recover, has the characteristics of a new lawsuit rather than an amended complaint." *Id.*, 2008-2063, p. 16, 13 So.3d at 644 (quoting *Summit Office Park, Inc. v. United States Steel Corporation*, 639 F.2d 1278, 1284 (5th Cir.1981)). Thus, the manner in which members of the City Council can assert claims against the defendants is by filing a separate and independent claim in their individual capacities as citizens.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED;
ORIGINAL OPINION AFFIRMED**